CLAUDE F. PARKER, *Appellant*, v. BLANCHE G. MASLIN *et al.* (BLANCHE G. MASLIN, *Appellee;* RALPH D. PARKER, *Appellant*).

No. 17,131.

SYLLABUS BY THE COURT.

JUDGMENTS—*Vacation—Publication Service—"Actual Notice"— Question of Fact.* Where on the hearing of a motion under section 83 of the code by a defendant to reopen a judgment taken by default on service by publication it appears that certain facts were communicated to the defendant in time to enable her to come in and defend in the action, but it also appears that the facts communicated were indefinite and might reasonably be understood,. by a woman unacquainted with business,. to refer to another proceeding pending in another state involving the same property: *Held*, in such case the question whether the defendant had "actual notice" was one of fact to be determined by the court upon the evidence.

Appeal from Miami district court. Opinion filed June 10, 1911. Affirmed.

*S. D. Scott,* for Claude F. Parker, appellant..

*Sheridan, Meuser & Sheridan,* for Ralph D. Parker, appellant.

*B. T. Riley,* and *Alpheus Lane,* for Blanche G. Maslin, appellee.

The opinion of the court was delivered by

SMITH, J.: In December, 1908, the appellant filed suit against the appellee and others in the district court of Miami county to partition a tract of land,

which it is claimed had been owned by the mother of the appellant, Blanche G. Maslin and Ralph D. Parker; that the mother had first willed the land to Mrs. Maslin and thereafter conveyed the land to her; that after the death of the mother the appellant had instituted proceedings in a surrogate's court in New York, in which state the mother had died, and of which Mrs. Maslin was a resident, to contest or set aside the will.

An affidavit to secure service by publication in this case was filed and publication made. On March 15, 1909, at the February term of court, the two brothers appeared, each seeking the partition, judgment was taken against Blanche G. Maslin on the constructive service, and it was adjudged that each owned an undivided one-third interest in the land, and partition thereof was ordered.

On May 13, 1909, Mrs. Maslin filed an answer and cross-petition in the action, also her application to reopen the judgment and for permission to answer and defend, supported by her affidavit under section 83 of the code. In her affidavit Mrs. Maslin stated, in substance, that she was then and for two years prior thereto had been continuously a resident of the state of New York; that during such time she had not been personally within the state of Kansas, and that no service of summons had been made upon her in the action; that on or about the 17th day of March, 1909, she first heard of the pendency of the case. She appended, however, to her affidavit a letter which she received from Mr. Sheridan, a lawyer at Paola, which contained the following sentence:

"Herbert Cooper came in the other day, along with Mr. Jerome Lovett, to see me about a suit that has been brought against you by Claude F. Parker, your brother. The suit is brought by your brother against yourself and his other brother and Herbert Cooper, and it is brought to set aside a deed made by your mother."

She also stated in her affidavit that soon after the will of her mother was filed for probate in New York

the plaintiff, Claude F. Parker, filed in the surrogate's court objections to the probate of the will, which objections were not withdrawn until about February 20, 1909, and, in substance, that she understood the letter of Mr. Sheridan to refer to the contest over the will in that state and was not aware that any litigation was pending in Miami county, Kansas, until notified by letter from B. T. Riley, dated at Paola, Kan., March 12, 1909. Mr. Riley's letter, however, shows that it was not written the 12th but on the day the judgment was taken, March 15, 1909.

It will be observed that Mr. Sheridan's letter to Mrs. Maslin contained no information as to the state or court where the action was pending. It also appears that Mrs. Maslin wrote to Mr. Sheridan, and also to Mr. Riley, after she had received Mr. Sheridan's letter, asking them if they could take charge of her farm, making no reference whatever to any suit in regard thereto, but expressly referring to the rents and the collection thereof.

It also appears by the affidavit that Mrs. Maslin was not a business woman, and we think that under all of the evidence it was a question of fact for the court to determine whether or not Mr. Sheridan's letter conveyed to her actual notice of the pendency of the suit in Miami county. If, however, facts had been communicated to her equivalent in their effect to information that the action was pending against her in Miami county, Kansas, although all the particulars in reference thereto were not communicated, she would be held, as a proposition of law, to have had actual notice of the pendency of the action. If the Sheridan letter had been received by a business man, it might be held sufficient to put him upon inquiry and which would have led to a knowledge of the facts, and, hence, to be actual notice of the pendency of the action. Also, if no prior proceeding had been pending in which her brother was contesting her title to the land, the same legal presumption might apply as to her.

Parker v. Maslin.

It was said in *Prouty v. Devin,* 118 Cal. 258:

"Actual notice is that which consists in express information of a fact, and constructive notice is that which is imputed by law."   (p. 260.)

"A notice is regarded in law as actual when the party sought to be affected by it knows of the existence of the particular fact in question, or is conscious of having the means of knowing it."   (*Rhodes et al. v. Outcalt et al.,* 48 Mo. 367, 370.)

"Notice may be either actual or constructive.  The former is said to exist where the party to be affected by it is proved to have had actual knowledge of the fact; where the knowledge of it is brought directly home to him by the evidence."   (*Wethered v. Boon,* 17 Tex. 143, 149; see, also, *Garrett v. Minard,* 79 Kan. 470.)

"Actual notice is information concerning the fact . . . directly and personally communicated to the party. . . . In short, actual notice is a conclusion of fact, capable of being established by all grades of legitimate evidence."   (2 Pom. Eq. Jur., 3d ed., § 595.)

Under all of the circumstances of this case as shown by the evidence, we think the court was justified in finding as a fact that Mrs. Maslin did not have actual notice of the pendency of the action for partition in time to come in and defend before the judgment was rendered.

The order of the court opening the judgment and allowing Mrs. Maslin to come in and defend is supported by sufficient evidence, and is affirmed.