[No. 6538.]

## WALLACE v. HEITLER.

1. PRACTICE—*Rules of Court—Setting Cause for Trial*—Attorneys are bound to take notice of the rules of the courts in which they practice—(621).

The district court may prescribe by rule that causes once set for trial and not reached during the term, will be set without notice for the following term. It is the duty of counsel to keep advised of the disposition made of a cause once set down for trial, and he fails therein at his peril—(621).

2. ——*Vacating Judgment—Excusable Neglect*—An application to vacate a judgment because taken in the absence of counsel, though the cause had been regularly set down, is addressed to the discretion of the court, and its action will not be disturbed unless it clearly appears that an arbitrary and unjustifiable discretion has been exercised—(622).

3. ——*Agreements of Counsel*—The rule is the same where relief is sought against a judgment on the ground of an alleged stipulation of counsel, as to which the evidence heard below is in hopeless conflict—(622).

*Error to Denver District Court.*—HON. HARRY C. RIDDLE, Judge.

Messrs. J. E. & W. G. SIMONSON, for plaintiff in error.

Mr. JAMES J. SULLIVAN, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On January 24, 1908, judgment for $420.60 was allowed, in the district court of the city and county of Denver, in favor of plaintiff, Edward Heitler, and against defendant, T. J. Wallace, in a suit to recover a commission on a claimed sale of real estate. Trial was to the court, and judgment rendered, both the defendant and his counsel being absent. Prior to this judgment, on due notice, the cause had been regularly set down to be tried on October 9, 1907, which setting had been vacated by the court, on its motion, and the cause remitted to the trial calendar, which was in effect a mere continuance of the cause for trial. Defendant brings the case here seeking a reversal of the judgment below.

A portion of rule 38 of the district court of the city and county of Denver reads as follows:

"Cases set for trial and not reached in the term for which they were set, will be reset without notice for the term following in the order in which they were previously set and will be the first cases set for such term."

Under this rule, of which all attorneys have notice, it was plainly within the province of the court, without any further notice, to set the case down for trial, and it was the duty of counsel, after the case had been once set, to follow it, and to keep fully advised as to any subsequent action of the court in setting it for trial for a future day. Failure to do so on the part of counsel, in view of the rule of court, was at his peril. Any other conclusion would leave matters in hopeless confusion, the court without authority over its docket and therefore unable to proceed with the disposition of causes.

On February 5th, following the rendition of the judgment, and the seventh day thereafter, but at the same term of court, the defendant filed a motion under section 75 of code to vacate the judgment on the ground

of surprise and excusable neglect. This motion was addressed to the sound discretion of the court, and its conclusion thereon, in the absence of an abuse of discretion, is conclusive upon this court. The court clearly had power, under the rule above referred to, to set the case without notice, and we are not prepared to say that in denying the motion to vacate the judgment there was an abuse of discretion. All of the facts were before the trial court, and it is not the province of a review court to overturn the findings of a trial court upon such matters, unless it clearly appears that an arbitrary and unjustifiable discretion has been exercised.

It is further contended by the defendant that his failure to appear at the trial is excused because of an alleged agreement between attorneys, wherein it is claimed that the attorney for the plaintiff had undertaken to give due and timely notice to counsel for the defendant of the setting of this case for trial. Affidavits were filed, *pro* and *con,* upon this question, which are in hopeless conflict. Upon this controversy the court below found against the contention of the defendant, and we have no disposition to set aside that finding; otherwise, through contentions of this sort, a final determination might never be reached.

In *The People upon the relation of Hart v. The District Court of the City and County of Denver and Malone, Judge,* 33 Colo. 406, having that portion of the rule here for consideration under discussion, it is said:

"Sections 175 and 176 of our civil code do not require that notice shall be given to bring a cause to a trial or hearing.—*Cochrane et al. v. Parker,* 12 Colo. App. 169.

The rules of the district court, however, do make such provision. This notice was given by the defendants

at a former term, and the cause was set for trial, in the first instance, upon due notice. The rule, as we have said, provides, in such a case, that if the cause is not reached during the term for which it was set, it may, at the following term, be brought on for trial without notice, and the court, of its own motion, may set it down for trial, which seems to have been the case in this instance."

This is the precise situation here presented. The power of the court to thus set the case for trial was upheld in that opinion, and it is a conclusive authority in support of the like action of the court in this case.

Upon a full consideration of the facts, we are of opinion that no sufficient reason is shown why the judgment of the trial court should. be disturbed, and it is. therefore affirmed.                    *Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.