No. 8992.

BUNNELL v. HOLMES ET AL.

1. JUDGMENT—*Vacating—Discretion.* The granting or denying of a motion to vacate a judgment and allow an answer, under sec. 81 of the Code, is discretionary with the Trial Court. In the absence of an abuse of discretion its action is conclusive upon the Court of Review.

2. —— *Evidence—Burden of Proof.* The burden is upon the defendant to show everything which may move the court in his favor, in the exercise of a sound discretion. That defendant had had actual notice of the pendency of the action long before the entry of the default, tends strongly to justify denial of the motion. Knowledge of an attorney employed by defendant is imputed to the defendant himself; and the court is under no duty to relieve him of the consequences of his attorney's mistakes.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

Mr. M. M. BULKELEY, Messrs. MAHIN & MAHIN, for plaintiff in error.

Mr. JOHN F. MAIL, for defendants in error.

Opinion by Mr. Justice Allen:

ON March 5, 1915, Holmes and McGinnis, plaintiffs below, commenced an action against Bunnell, defendant below, to quiet title to certain real estate. Bunnell was a non-resident, and service was had upon him by publication. The last publication of summons was upon May 27, 1915.

The default of the defendant was entered on October 16, 1915, which was over three months after it could have been entered. On the same day a hearing was had, and judgment given for plaintiffs.

On November 1, 1915, the defendant filed a motion to set aside the default judgment. On April 27, 1916, upon a hearing at which both parties appeared, the motion was overruled. Defendant brings the case here for review.

The granting or denying of a motion to set aside a judgment and to allow answer to the merits under section 81, Revised Code 1908, relied on by defendant, is discretionary with the trial court. *Fullen v. Wunderlich,* 54 Colo. 349, 351, 130 Pac. 1007. The trial court's conclusion on such motion, in the absence of an abuse of discretion, is conclusive upon this court. *Wallace v. Heitler,* 52 Colo. 620, 622, 123 Pac. 954.

The question presented upon this review is whether the trial court abused its discretion in refusing to vacate the default judgment, upon the showing made by the affidavits attached to the defendant's motion and the testimony taken at the last mentioned hearing.

The burden was on the defendant to show everything that would entitle him to a vacation of the judgment in the exercise of sound discretion by the court. *Fullen v. Wunderlich,* supra. The defendant states in his affidavit that he had no knowledge or notice of the pendency of this action until October 20, 1915. The plaintiffs, on the other hand, introduced evidence tending to show that the defendant had actual notice of the pendency of this action for more than three months prior to the time his default

was entered. The question whether the defendant had actual knowledge of the pendency of the action in time to have appeared and answered before default was entered was one of fact to be determined by the court upon the evidence. *Parker v. Maslin,* 85 Kan. 130, 116 Pac. 227. If the trial court was warranted in finding that the defendant did have such notice, it would be a circumstance strongly tending to justify the court in denying a motion to vacate the judgment. As said in the Fullen case, *supra,* "the defendant could have known all about the suit and might be attempting to take advantage of his being a non-resident in order to delay its ultimate termination." See also *Smith v. Collis,* 42 Mont. 350, 112 Pac. 1070, Ann. Cas. 1912, A-1158.

The defendant in his affidavit states that about the 1st of June, 1915, he employed Mahin & Mahin, attorneys, to ascertain whether there was any suit affecting the title to the land involved in this action. The evidence discloses that F. W. Mahin, of the firm of Mahin & Mahin, came to Wray, Yuma County, about June 30, 1915, and while there asked for and examined the files in this case in the office of the clerk of the District Court. Mahin must have known at that time that the suit was pending, and he gained this knowledge in the course of the particular transaction in which he was employed by the defendant. Under these circumstances, the knowledge of the attorney is imputed to the client, in this case the defendant. 6 C. J. 638, sec. 144.

The clerk of the court testified that the order of publication and affidavit set forth the postoffice address of the defendant as Smith Center, Kansas. It is admitted that this address is correct. The clerk testified that he sent a copy of the summons, and a copy of the complaint, by mail to the defendant at Smith Center, Kansas; that he made an affidavit to that effect; and that he personally remembers that he did so mail the copy of summons and complaint; also, that it was mailed in an envelope bearing his official return card, and that it never came back. The clerk

further testified that he received a letter from the defendant's attorneys on May 8, 1915, and in answer thereto sent them a copy of the complaint in this case. These are additional facts tending to show that both the defendant and his attorneys had actual notice of the pendency of the action. The testimony of the clerk is not contradicted. The clerk's affidavit, to which he refers in his testimony, is in the record, and recites that he mailed a copy of the summons to the defendant at Smith Center, Kansas, on April 28, 1915. The defendant did not allege in his affidavit that he did not receive a copy of the summons or copy of the complaint mailed to him.

The defendant attempted to meet the foregoing facts by showing that Mahin by mistake informed him that no suit was pending, and that the mistake was due to Mahin's confusing the instant case with another case that had also been pending. The trial court was not bound to relieve the defendant from the consequences of negligence, if any there was in this connection, on the part of his attorneys. 15 R. C. L. 711, sec. 161. Mahin, on behalf of the defendant, also testified that he had never received any response to a letter that his firm wrote to the clerk of the court in May, 1915. This is not very material, since Mahin came to the clerk's office within two months thereafter. Mahin also testified that he wrote to the clerk on July 29, 1915, asking if any suit had been filed, and that no reply was received. The clerk, however, testified that he has no recollection of having received the letter. As said in *Wallace v. Heitler,* supra, "all the facts were before the trial court, and it is not the province of a review court to overturn the findings of a trial court upon such matters, unless it clearly appears that an arbitrary and unjustifiable discretion has been exercised."

Upon a full consideration of all the facts that were in evidence before the trial court, we can not justly find that the court abused its discretion in overruling the motion. We are of opinion that no sufficient reason is shown why

the judgment should be set aside, and it is therefore affirmed.

Affirmed.

Chief Justice Hill and Mr. Justice Bailey concur.