## No. 10,517.

### DRINKARD, ET AL. *v.* SPENCER.

Decided December 4, 1922.

Action on money demand. Default judgment for plaintiff. Motion to vacate judgment denied.

*Reversed.*

*On Application for Supersedeas.*

1. JUDGMENTS—*Default—Vacation.* Custom of a court clerk to notify counsel of the setting of cases, reliance thereon, failure of notice and unavoidable absence of counsel on the date of trial, make a clear case of excusable neglect under the provisions of section 81, code 1908.

2. *Setting Aside Default—Court Discretion.* Applications for the vacation of default judgments are addressed to the sound discretion of the court. As a general rule, where the application

is made promptly, a defense on the merits should be permitted on such terms as to the court may seem just and equitable.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. JOHN L. VOORHEES, Mr. L. W. CUNNINGHAM, for plaintiffs in error.

Mr. W. M. SWIFT, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties hereto appeared in reverse order in the trial court and are hereinafter so referred to.

Plaintiff brought suit against defendants, praying a money judgment. The latter failed to appear at the trial and judgment was entered against them in the sum of $1119.99. Three days thereafter defendants moved to vacate on the ground that they had no notice of the trial and that their neglect was excusable. From an adverse ruling they bring error and pray a supersedeas.

September 12, 1922, the first day of the September term, counsel for plaintiff being present and for defendants absent, the cause, then at issue, was set for trial on October 4, 1922. Notice of the setting was, on the day following, mailed by the clerk of the court to counsel for defendants at his office in Pueblo. It never reached him. That the giving of such notice by the clerk was customary is shown by the form used. That it was relied upon by defendants' counsel is established by his undisputed affidavit as to his reason for failure to attend. That it was relied upon by counsel for plaintiff is shown by the fact that the first witness called by him was the deputy clerk who was examined in detail concerning the notice. Our own records show that John H. Voorhees, then sole counsel for defendants, argued two cases in this court on October 4, 1922 of the settings of which he was first notified September 22 preceding.

Such custom, reliance, failure of notice and unavoidable

absence of counsel, make a clear case of excusable neglect under the statute.

"The court may, on motion, in furtherance of justice, and on such terms as may be proper, ، * * * relieve a party or his legal representatives from a judgment order or other proceeding, taken against him through mistake, inadvertence, surprise or excusable neglect;" Section 81, Code R. S. 1908.

Such applications are addressed to the sound discretion of the court, which discretion should be so exercised as to dispose of cases upon their merits but without unreasonable delay. Each case must be determined upon its own peculiar facts. As a general rule where the application is made promptly a defense on the merits should be permitted. *Gumaer v. Bell*, 51 Colo. 473, 119 Pac. 681.

Here prompt action by defendants disposes of any question of waiver or acquiescence. The only possible injury to plaintiff, suggested by the record, arises from the presence on October 4, of his witnesses from outside El Paso County. There is no suggestion that they may not easily be procured at another trial. This, or similar matters not appearing, can be cured by an order imposing terms.

The judgment is reversed and a new trial ordered upon such terms as to the district court may seem just and equitable.