## No. 11,153.

CARPENTER-LIEBHARDT FRUIT CO. v. NELSON, ET AL.

Decided April 6, 1925.

On application to set aside default judgment. Application refused.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Default Judgment—Vacation.* The granting or refusal of an application to set aside a default judgment on the ground of excusable neglect is discretionary with the trial court, and its ruling, in the absence of an abuse of discretion, is conclusive on review.

2. JUDGMENT—*Default—Vacation.* In passing on an application to set aside a default judgment, each case must be determined upon its own peculiar facts.

3. *Default—Vacation—Court Discretion.* Refusal of the court to set aside a default judgment on the ground of excusable neglect, held, under the facts disclosed, not to be an abuse of discretion.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. JOHN HORNE CHILES, Mr. JACOB L. SHERMAN, for plaintiff in error.

Mr. GEORGE B. BAKER, Mr. J. ARTHUR PHELPS, for defendants in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff below obtained a judgment by default

against the defendant in the sum of $214.06. On May 25, 1923, the sheriff made demand of defendant, for the payment of the judgment and costs, under a writ of execution which had issued as the result of the judgment. In about six days thereafter, and within six months after the adjournment of the term at which the judgment was entered, the defendant filed a motion to set aside the judgment and recall the execution. Upon a hearing, this motion was denied, and to review that order, defendant brings the case here, and it is before us on an application for a supersedeas.

The defendant, a corporation, applied for relief under section 81 of the Code which provides, among other things, that the court may relieve from a judgment which was taken through "excusable neglect." Granting or refusing an application under this section is discretionary with the trial court, and its conclusion, in the absence of an abuse of discretion, is conclusive upon this court. *Bunnell v. Holmes,* 64 Colo. 345, 171 Pac. 365; *Wallace v. Heitler,* 52 Colo. 620, 123 Pac. 954; *Perry v. Perry,* 74 Colo. 106, 219 Pac. 1053.

The summons in this case was served by delivering a copy thereof, together with a copy of the complaint, to the president of the defendant corporation, on March 16, 1923. In his affidavit in support of the motion to vacate the judgment, the president says that the treasurer of his company has charge of law suits; that when the summons was served the treasurer was absent; that when the treasurer returned to the company's office, on March 31, 1923, he, the president, delivered to the treasurer the accumulated mail, and with such mail the treasurer found the complaint and summons in this case. The president of the corporation says that he "neglected" to tell the treasurer that the summons had been served by an officer of the law. The treasurer also made an affidavit in support of the motion. The substance of it is that he believed the copy of complaint and the summons came to the office through the mails; that he so advised the company's attorneys, and

they advised that no judgment "could be predicated thereon."

We do not deem it necessary to make any comment on the showing made in support of the motion. If the defendant's neglect was not "excusable" but was inexcusable, the court properly denied the motion to vacate the judgment. If the neglect was excusable, the discretionary power of the court existed. 34 C. J. 369, note 67. Each case must be determined upon its own peculiar facts. *Drinkard v. Spencer*, 72 Colo. 396, 211 Pac. 379. Under the facts appearing in the instant case, there was no abuse of discretion in overruling the motion.

The application for supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.