No. 11,073.

DIEBOLD *v.* DIEBOLD.

Decided February 8, 1926.

Action for divorce.   Judgment for plaintiff.

*Affirmed.*

1.  TRIAL—*Absent Party.*  Under the provisions of section 194, Code '21, when a case is regularly reached upon the calendar, either party may proceed with his case, notwithstanding the absence of the adverse party, unless the court for good cause shown, otherwise directs.

2.  JUDGMENT—*Default—Excusable Neglect.*  The fact that an attorney has other cases set for trial in the county court at the same time, does not excuse him or his client from being in attendance at the trial of a case regularly reached on the calendar of the district court, where no motion for a continuance or showing is made why the case should not proceed to trial, and under such circumstances there is no abuse of discretion in the refusal of the trial court to set aside a judgment regularly entered.

3.  *Default—Setting Aside—Court Discretion.*  The granting or refusing of an application, under section 81 of the Code, for relief from a judgment, is discretionary with the trial court, whose ruling thereon will not be disturbed on review, except in case of gross abuse of discretion.

4.  DIVORCE AND ALIMONY—*Default—Appointment of Attorney.*  Whenever a case for divorce is called for trial, if no appearance is made for defendant, or the case is not contested, under section 5601, C. L. '21, it is not necessary that the court appoint an attorney to represent the defendant.

5.  JUDGMENT—*Collateral Impeachment.*  The judgment of a court of competent jurisdiction, so long as it is in full force and unreversed, cannot be impeached in a collateral proceeding on account of errors and irregularities not going to the jurisdiction of the court.

6.  COURTS—*Records—Nunc Pro Tunc Entries.*  A nunc pro tunc entry of record is competent evidence of the facts which it recites, and cannot be impeached collaterally.

*Error to the District Court of Gunnison County, Hon. Thomas J. Black, Judge.*

Mr. FRANK L. HAYS, Mr. J. W. KELLEY, for plaintiff in error.

Messrs. STONE & KOCHEVAR, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE parties to this action appeared in reverse order in the trial court, and we shall designate them here as in the lower court.

Plaintiff brought suit for divorce, charging the defendant with extreme and repeated acts of cruelty. The answer denied the principal averments of the complaint and alleged that the plaintiff had a former husband living at the time of her marriage to the defendant, and prayed for an annulment of her marriage to him. The amended replication set forth the proceedings by which she was granted a divorce from her former husband, Wilkins, in the district court of Denver, wherein findings of fact and conclusions of law were regularly found and entered of record, and a decree of divorce entered nunc pro tunc as of November 2, 1920, being prior to her marriage to the defendant on March 4, 1921. To this amended replication defendant demurred, which was heard and overruled by the trial court. The defendant and his attorney lived in Denver. The cause being at issue, it was duly noticed for trial on the merits and placed on the trial calendar for the September term, 1923. The September term opened September 17, 1923. The case was regularly reached on the trial calendar on September 18, 1923, and was tried on that day in the absence of the defendant and his attorney.

Section 194 of the Code provides that, "When a cause is regularly reached upon the calendar, either party may bring the issue to a trial or to a hearing; and in the absence of the adverse party, unless the court for good cause otherwise direct, the party appearing may proceed with his case and take a finding, verdict, or judgment, or dismissal of the action, as the case may require."

On September 20, 1923, defendant filed a motion, with supporting affidavits, to set aside the findings of fact and conclusions of law made by the trial court, on the ground of excusable neglect. The plaintiff filed counter-affidavits. The court denied the motion to set aside its interlocutory decree, and the defendant comes here and assigns error.

The defendant sought to excuse his failure and the failure of his attorney to appear at the trial, by showing that his attorney had four cases set for trial in the county court in the City and County of Denver on the same day that the trial was had in the district court, and made the further showing, by affidavit, that a deputy clerk of the county court had informed his attorney that he, the deputy, was of the opinion that the judge of the county court would not grant the attorney a continuance of the cases in that court. The record shows that no application was made for a continuance of the cases in the county court, or of the case in the district court. The defendant, as well as his attorney, knew that the case was on the trial calendar of the district court and might be called for trial at any time on the 18th of that month, but neither the defendant nor his attorney were in attendance on that day, nor did the attorney inform the court in any manner whatever of his professional engagements in another court, or apply for a temporary delay or suspension, so as to enable him to be present at the trial. Counsel and his client, with seeming indifference as to what might take place in their absence, ignored the court and its rules.

The inattention of defendant and his counsel to the case upon the trial calendar, and their disregard of the rules of court, was at their peril. If it were not so, it would leave matters in litigation in hopeless confusion, and take from the court its authority over its docket, and render it powerless to proceed with the disposition of causes depending before it. Such conduct does not show excusable neglect. However, all of the facts were before the trial court, and granting or refusing an application, under section 81 of the Code, is discretionary with the trial court, and not reversible by this court, except in cases of a gross abuse of discretion. *Wallace v. Heitler,* 52 Colo. 620, 123 Pac. 954; *Bunnell v. Holmes,* 64 Colo. 345, 171 Pac. 365; *Perry v. Perry,* 74 Colo. 106, 219 Pac. 221; *Carpenter-Liebhardt Co. v. Nelson,* 77 Colo. 175, 234 Pac. 1067.

It is contended by counsel that the failure of the court to appoint an attorney to represent the defendant, in the absence of the defendant and his attorney, is reversible error. This contention is without merit. A portion of section 5601, C. L. 1921, reads as follows: "Provided, that whenever a case for divorce shall be called for trial, if no appearance shall be made for the defendant, or if appearance is entered and the case is not contested, the case may be tried by the court without a jury; and in that event it shall not be necessary for the court to appoint an attorney to represent said defendant; * * *."

Counsel further contends that the decree of divorce entered nunc pro tunc, dissolving the marriage between plaintiff and Ira J. Wilkins, in the district court of Denver, is without any force and effect. This contention cannot be sustained. The district court had jurisdiction of the subject of divorces and of the parties to the action. It is settled law that the judgment of a court of competent jurisdiction, so long as it is in full force and unreversed, cannot be impeached in a collateral pro-

ceeding on account of errors and irregularities not going to the jurisdiction of the court. "A nunc pro tunc entry of record is competent evidence of the facts which it recites, and cannot be impeached collaterally." 23 Cyc. 846; *Ware v. Kent,* 123 Ala. 427, 26 So. 208, 82 Am. St. Rep. 132.

After a careful consideration of the record before us, we are of the opinion that no sufficient reason is shown why the judgment of the trial court should be disturbed, and it is therefore affirmed.

Mr. Chief Justice Allen and Mr. Justice Denison concur.