No. 13,509.

LOCK *v.* BERKINS ET AL.
(33 P. [2d] 393)

Decided May 21, 1934.

Mr. RAYMOND L. SAUTER, Mr. RAYMOND M. SANDHOUSE, for plaintiff in error.

Mr. J. V. REDMOND, Mr. DEON DREFKE, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, delivered the opinion of the court.

BERTHA V. Lock was one of the defendants in a suit brought by L. H. and Josephine Berkins against C. C., J. E. and Bertha V. Lock and the public trustee of Logan county to foreclose a deed of trust of certain land. Bertha V. Lock suffered a default, a decree of foreclosure

was entered, and the property was sold under the decree. She petitioned the court to set aside the default, decree and sale. The relief was sought under section 81 of the Code of Civil Procedure, which permits the court to relieve a party from a judgment, order or other proceeding taken against him through mistake, inadvertence, surprise or excusable neglect. The application was heard upon affidavits and oral testimony, which were in direct conflict, and the court found against the petitioner and dismissed her petition.

C. C. Lock (the petitioner's husband) and his brother, J. E. Lock, owned certain land in Logan county. On February 28, 1927, they gave to L. H. Berkins and Josephine Berkins their promissory note for $2,860 payable in two years and secured it by deed of trust of their land. Two years after the maturity of the note they gave a renewal note for $3,560, the amount then due, and secured it by a new deed of trust of the same property. The new note and deed of trust bore date February 28, 1931. On May 5, 1931, the petitioner homesteaded the property by marginal notation on the ''record title'' to the same, as provided in section 5925 of the Compiled Laws. Thereafter, on May 12, 1931, the renewal deed of trust was filed for record. On August 7, 1933, there having been default in the payment of the note, the Berkinses sued to foreclose the deed of trust. On the next day the summons, with a copy of the complaint attached, was served on the petitioner. The complaint alleged that the petitioner claimed a homestead right in the property, and that her claim was subject and junior to the lien of the plaintiffs' deed of trust, and prayed that the deed of trust be decreed to be a first and prior lien upon the premises. The petitioner read the complaint, but made no appearance in the case and her default was entered on October 6, 1933. On the same day the judge signed the foreclosure decree in which the petitioner's homestead claim was adjudged to be subject, junior and inferior to the lien of the deed of trust. On November 4,

1933, the foreclosure sale was held. The petition to set aside the default, decree and sale was not filed until January 2, 1934, nearly five months after the petitioner was served with the summons and copy of the complaint, and nearly three months after the signing of the decree.

In explanation of her failure to defend the suit and of her delay in moving to set aside the default, decree and sale, the petitioner testified that in order to protect herself against her husband she wished to take steps to secure the property for her home; that she consulted Mr. Drefke, now one of the attorneys for the Berkinses, explained her wishes, and asked his advice; that he advised her to homestead the property, assuring her that if she did so there was nothing that could touch her home, that the homestead ''would come prior to everything''; that she accordingly homesteaded the property; that although she read the complaint, she consulted no attorney concerning her rights because she relied upon the advice and assurance that Mr. Drefke had given her; that she did not know that the decree subordinated her homestead rights to the lien of the deed of trust until after the foreclosure sale; that upon learning that such was the case, she consulted her present counsel; and that her petition was filed promptly thereafter. She denied that at the time she homesteaded the property she knew anything about the original deed of trust, or knew that her husband was indebted to the Berkinses.

The evidence in behalf of the Berkinses was to the following effect: The petitioner, when she sought the advice of Drefke, knew of the existence of the prior deed of trust and of the contemplated renewal thereof. She stated to Drefke that her husband's brother was demanding of her husband a second mortgage on the land; that the brother claimed an assignment from her husband of the latter's interest in an estate in Missouri; that that assignment sufficiently secured the debt that her husband owed his brother, but the brother wanted to get everything, and she did not want to see him have it. She also

stated that there was a first mortgage held by the Berkinses. Drefke advised her that she could homestead the place and thus effectually prevent her husband from conveying to his brother any interest in the land, but that the homesteading of the land would not affect the lien of the prior mortgage held by the Berkinses. After the commencement of the foreclosure suit the petitioner told Mrs. Berkins about the homesteading of the land, and stated that she did not do it to beat the Berkinses, but to prevent her husband from mortgaging the place to his brother; that a lawyer advised her that she could homestead the place, but that she would have to pay off the Berkins mortgage in order to hold the homestead; and that she was going to pay the Berkinses every dollar they had in the place. After the suit was commenced the petitioner stated to J. V. Redmond, now one of the attorneys for the Berkinses, that there was no conflicting interests between her and the Berkinses; that she was going to pay them every penny that was owing them; and that her only purpose was "to beat her brother-in-law out." In connection with the testimony that the petitioner stated to Drefke that her brother-in-law was demanding of her husband a second mortgage on the land, it is a significant fact that on the same day that the petitioner homesteaded the property her husband gave a deed of trust of the property to secure the payment of $3,560 to his brother, subject to the deed of trust to secure the payment of $3,560 to the Berkinses.

 The granting or denying of the petition was discretionary with the trial court, and we should not interfere with its ruling unless it appears that there has been an abuse of discretion. *Bunnell v. Holmes,* 64 Colo. 345, 171 Pac. 365; *Perry v. Perry,* 74 Colo. 106, 219 Pac. 221; *Diebold v. Diebold,* 79 Colo. 7, 243 Pac. 630. The trial court found the issues for the Berkinses, and in the exercise of its discretion held that the petitioner had not made a sufficient showing to entitle her to the relief sought. There was ample evidence to sustain the court's

finding and ruling, and it does not appear that the court abused its discretion.

The judgment is affirmed.

Mr. Justice Hilliard and Mr. Justice Bouck concur.