## No. 14,472.

### Estate of Sullivan.

#### Mahoney v. Estate of Sullivan et al.
(93 P. [2d] 901)

Decided June 26, 1939.

Messrs. Morrissey, Mahoney & Scofield, for plaintiff in error.

Mr. William R. Baab, Mr. Robert G. Smith, for defendants in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

It is here contended that the trial court erred in denying the petition of the plaintiff in error to vacate the judgment admitting her mother's will to probate. The petition for vacation alleges that petitioner executed a waiver consenting to the setting of said will for probate, which consent was procured by fraud and deceit practiced upon her by the attorney for the proponents and she alleges, the judgment admitting said will to probate, based in part upon such waiver, was the result of accident, surprise and excusable neglect. By way of conclusion petitioner also asserts that the will of decedent was executed as the result of undue influence exercised upon her at a time when she did not have the mental capacity to execute a last will and testament, and it is further alleged that had the deceased died intestate plaintiff in error would have inherited more property than is devised to her by the will. Petitioner asked also that she be permitted to file a caveat.

■■ Under its general jurisdiction in connection with administration of the estates of decedents it is unquestioned that a county court, "may, on proper grounds, revoke the probate of a will." *Glenn v. Mitchell,* 71 Colo. 394, 207 Pac. 84. The wording of the petition here might indicate that it was grounded upon section 81 of the Code of Civil Procedure pertaining to relief from civil judgments, the applicability of which to probate proceedings is doubtful. It might well be questioned, especially if the application is considered as being based upon the code provision, when the dates hereinafter mentioned are considered, whether, under the authority of *Hollingsworth v. Ring,* 26 Colo. App. 121, 141 Pac. 139, the petition was presented in apt time, and whether its sufficiency is subject to challenge for its failure to state with fullness of particularity the details of the grounds of a proposed

contest so that the court might observe whether these were substantial and not technical; meritorious and not frivolous, as required by *Gumaer v. Bell,* 51 Colo. 473, 119 Pac. 681. However, in view of the fact that the trial court, after hearing the evidence produced, passed upon the application upon the merits, we shall not consider these technical objections which apparently were not urged below. In this connection, it may be stated that whether the petition is based upon the inherent right of the county court to afford relief, or upon the code provision, the granting or refusing of the application is discretionary with the trial court. *Diebold v. Diebold,* 79 Colo. 7, 243 Pac. 630; 68 C. J. 1139, §965 (c). To warrant interference by an appellate court a gross abuse of discretion must appear. *Donald v. Bradt,* 15 Colo. App. 414, 62 Pac. 580; 68 C. J. 1182, §1020 (a). Otherwise, the trial court's ruling is conclusive upon review. *Carpenter-Liebhardt Co. v. Nelson,* 77 Colo. 175, 234 Pac. 1067.

The evidence discloses that the mother died at La Salle, Colorado, September 3, 1937, leaving surviving her as her heirs at law, plaintiff in error, a resident of California who had returned to Colorado temporarily during the last illness of her mother, one other daughter, three sons, and a granddaughter, all of whom live in this state. With the exception of the granddaughter, for whom no provision was made, the will, which was executed in 1934, contained bequests and devises to all the heirs. September 9, 1937, the will, which had been withdrawn from a safety deposit box in a bank in Greeley, was read in the presence of all of decedent's sons and daughters, by William R. Baab, Esq., of the Weld county bar, whom the heirs had unanimously selected as attorney to conduct the probate proceedings. Later on the same day Herbert Sullivan, who was nominated executor by the will, presented it for probate to the county court. By mutual agreement of the children the hearing on the petition for probate was duly set for September 20. In the office of the clerk of the county court and before that official, plaintiff in error on

September 9, subscribed and swore to the following acknowledgment and acceptance of service of the citation: "I, Teresa Muriel Mahoney, of lawful age, hereby waive the issuance of citation and accept service of the within citation to attend probate and hearing concerning the Last Will and Testament of Margaret F. Sullivan, deceased, as fully and completely as if served by the Sheriff of Weld County, Colorado, and consent that the hearing concerning the probate of said will be had on the 20th day of September, 1937, at 10:00 o'clock A. M., or on such date as the same may be continued." All of the other children at the same time and place, by separate writings in the same form, accepted service of the citation. The granddaughter, who was a minor and not present, was duly served with the citation by the sheriff. On September 20 all of the children assembled in Greeley for the hearing, but before 10 o'clock A. M. of that day, the granddaughter filed her caveat and objections to the probate of the will, as a result of which the hearing on the probate was postponed and the will was not admitted to probate until November 4, 1937. In the interim between these dates it appears that certain of the beneficiaries under the will, not including, however, plaintiff in error, had made a private settlement from their own resources with the granddaughter, as a result of which the caveat was dismissed. September 23, 1937, plaintiff in error returned to California. Shortly after the will was admitted to probate she was advised of this fact by a letter from her sister and later by a letter from Mr. Baab. April 29, 1938, she filed in the county court the petition here under consideration. In her testimony given at the hearing thereon she asserted that the legal effect of the waiver she signed was not explained to her by Mr. Baab; that she did not recall the clerk of the county court reading the waiver to her before she executed it and thought she was merely consenting to making her brother Herbert the "administrator" of the estate. This testimony was directly contradicted by her three brothers, her sister, her

sister-in-law and by Mr. Baab, all of whom testified that the purpose of the waivers, the effect of signing them and saving of expense in sheriff's fees of service thereby occasioned, was clearly explained by Mr. Baab to all of the interested parties, including plaintiff in error. The clerk of the county court testified that the waiver was read to each of the parties, including plaintiff in error, before the same was signed by them respectively. The court record shows that no personal representative of the estate was appointed until after the will had been probated.

Plaintiff in error further testified that on September 20, after the hearing on the probate of the will had been postponed by reason of the granddaughter's contest, she expressed the desire to return to California immediately and inquired of Mr. Baab whether it would be necessary for her to remain in Colorado until the trial of the contest was had. She further asserted that in the presence of her sister and brothers Mr. Baab informed her that it would not be necessary for her to remain, and that he would send her probate papers and also a questionnaire that she would have to sign before a notary in California before the will could be probated. She testified further that Mr. Baab said it was necessary to have her signature as well as those of the rest of the family before the will could be admitted to probate; that he stated the papers were to be sent her for her answers concerning her mother's condition before the will could be admitted to probate, and that she never received any questions of that kind from him for that purpose. The testimony of the other witnesses present upon this occasion was to the effect that the conversation between plaintiff in error and Mr. Baab concerning the sending of papers to California related to the possibility of taking her deposition in connection with a trial on the caveat filed by the granddaughter in the event her testimony could be used and the necessity for the taking of such a deposition developed. The need for any consideration

of such action was, of course, obviated by the dismissal of the contest, which also renders unnecessary any consideration of hypothetical questions suggested in the briefs relating to the admissibility of such a deposition. All of the witnesses on this subject, except plaintiff in error, unequivocably testified that Mr. Baab made no statement that plaintiff in error would be required to sign other or further papers in connection with the actual probate proceedings before the will could be admitted to probate, or that any such papers would be sent to her.

From plaintiff in error's own testimony it is difficult to perceive how any one logically could suspect from what she said and did before leaving Colorado that she was dissatisfied with the provisions of the will or that any of the parties concerned could have any reason for deceiving her in any manner with reference to the probate procedure. She testified that upon the occasion of the first reading of the will she *felt* she had been "gyped" and figured her brothers and sister were getting more property than she, but then only said her mother had a paralytic stroke shortly before the will was made, was sick at the time, and that she was surprised that her mother was able to leave the house to make a will. She testified that when, in connection with the granddaughter's contest, she was asked directly as to what she thought of her mother's mental condition, that "she broke down and cried and never finished answering the question." Notwithstanding her later professed misgivings, during the time she was in Colorado she associated with her brothers and sister on friendly terms, and when in northern Colorado, after her mother's death, lived in their homes, and, in connection with the granddaughter's contest, with some of them interviewed certain witnesses whom they expected to call upon to give evidence in support of the validity of the will in that contest.

Under the record and evidence which, prompted by the urgent plea of eminent counsel, we have minutely examined, we are unable to say that the trial court abused

its discretion in denying the petition to vacate the judgment admitting the will to probate, and are inclined to the belief that the evidence abundantly supports the court's findings. The judgment is affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE BAKKE concur.