STATE OF CALIFORNIA, United States of America, et al., Appellants,

v.

Everett G. RANK et al., Appellees.

No. 15840.

United States Court of Appeals Ninth Circuit.

Feb. 14, 1962.

Stanley Mosk, Atty. Gen. of Cal., San Francisco, Cal., B. Abbott Goldberg, Deputy Director, Dept. of Water Resources for Cal., Sacramento, Cal., for appellants State of Cal. and Irrigation Districts.

Denver C. Peckinpah, Fresno, Cal., and Adolph Moskovitz, Sacramento, Cal., for appellant Madera Irrigation District.

Maddox & Abercrombie, and James K. Abercrombie, Visalia, Cal., for appellants Delano-Earliment, Exeter, Ivanhoe, Lindmore, Lindsay-Strathmore, Lower Tule River, Orange Cove, Porterville, Saucelito, Stone Corral, Terra Bella, and Tulare Irrigation Districts.

Irl Davis Brett, Los Angeles, Cal., and J. O. Reavis, Delano, Cal., for appellant Southern San Joaquin Municipal Utility Dist.

John H. Lauten, and Claude L. Rowe, Fresno, Cal., for appellee City of Fresno.

Before HAMLIN and MERRILL, Circuit Judges, and POWELL, District Judge.

PER CURIAM.

We have granted rehearing to appellant irrigation and utility districts upon the question whether in the light of our opinion, 9 Cir., 293 F.2d 340, they should be dismissed from this case. They assert that their only interest in the subject matter of this action is through their contracts with the United States for the purchase of project water; that since we have ordered the United States dismissed, they too, in all consistency, should be dismissed.

■ There can be little doubt that absence of the United States and of the Secretary of the Interior has posed perplexing questions respecting the appro-

priateness of issues raised in the district court and respecting the effectiveness of the determination of those issues. However, all parties from the outset seem to have approached this litigation with the thought that it would provide a vehicle for disposing of disputes in which they were commonly interested. There can be no doubt that the districts had a real interest in the outcome and that those disputes were vigorously litigated. While the resolution of those disputes may be limited in effectiveness as res judicata due to the absence of certain interested parties, this seems no reason for ignoring the plain fact that the remaining parties actively sought their resolution as between themselves. For whatever future effectiveness these determinations may have, we feel they should not be wiped out (together with the years of active litigation which preceded them) by the dismissal of this group of litigants. Nor do we see any occasion to disturb the assessment of trial costs.

The districts assert that by the decree of physical solution entered below, judgment in effect has been rendered against them for the cost of constructing and maintaining such physical solution. The decree provides that such cost "shall be borne by the defendant United States of America and/or defendant districts." The districts assert that since the United States is no longer a party the sole effect of this provision is to impose such costs on them.

█ We do not so construe the decree. This language to us does no more than recognize that the individual defendants whose interference with flow has been enjoined are purporting to act for the United States and for the benefit of these districts; that if the physical solution is to be utilized, it will be by or on behalf of and at the election of the United States as claimant of rights to surplus water; that if the United States desires to proceed with this decreed solution and secure the resulting benefits, it should bear the expense; that the court is not concerned with the manner in which, by arrangement between themselves, the United States and these districts shall share that burden.

The decree imposes no obligation upon these districts to construct the physical solution and we cannot at this time conceive of any situation in which the language to which they object would prove prejudicial. We are therefore reluctant to tinker blindly with it. Should future occurrences render their situation ambiguous, they may seek clarification in the light of those occurrences.

In one respect we feel that the districts have a valid complaint. The injunction issued by the district court runs not only against the individual defendants (officials of the Bureau of Reclamation who are operating Friant Dam) but against these districts as well. They assert that they are under contractual obligation to the United States to accept delivery of water and that the injunction places them in jeopardy of contempt for complying with their contractual obligations and for acts of the individual defendants over which they have no control. In our judgment the injunction should be modified so as not to be made applicable to the districts.

Appellees protest that to relieve these districts from the force of the injunction under the circumstances is to eliminate the most effective influence toward compliance. It is our view, however, that in this area experience rather than prediction will more fairly form a basis for judicial action. Our ruling thus is without prejudice to future proceedings based upon future occurrences and change in circumstances.

█ It is ordered that the injunction issued by the district court be modified to exclude from its application all defendant irrigation and utility districts. Save in this respect we adhere to the judgment and opinion heretofore handed down.