No. 20,353.

CLIFFORD G. WALKER *v.* ASSOCIATES LOAN COMPANY.
(385 P. [2d] 421)

Decided September 30, 1963.

Mr. ELIAS J. CANDELL, for plaintiff in error.

Mr. JAMES R. HORTON, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

ASSOCIATES LOAN COMPANY filed this action to secure judgment on a promissory note executed by plaintiff

in error Clifford G. Walker, his wife Sally Walker and her mother Maude F. Stephens. All three signers of the note were named defendants. A default judgment was entered against Clifford G. Walker in the sum of $357.52 and costs. Shortly thereafter he filed his "Motion for Relief from Judgment" as follows:

"The defendant Clifford G. Walker respectfully moves the Court to set aside the judgment herein on grounds of fraud and excusable neglect as follows, pursuant to the provisions of Colorado Rule of Civil Procedure No. 60(b), and for leave to file and serve the Answer which is attached hereto:

"1. The said judgment is void because service of summons was never had on said defendant either as stated in the proof of service thereof or otherwise.

"2. Plaintiff falsely represented to said defendant's wife that the purpose of the action was to secure a judgment against her alone and to garnishee her wages alone.

"3. In fact, and as plaintiff knew, the said defendant has a meritorious defense, that is, a discharge of the subject claim in bankruptcy.

"4. Plaintiff is in no way prejudiced by the filing of said Answer."

Attached to the motion was a tendered answer in which it was alleged that: "The claim which is the subject matter of this action has been duly discharged in bankruptcy."

The motion for relief from the judgment was set for hearing at which time counsel for Walker offered to prove that the first knowledge he had of the action was when his wages were garnisheed at his place of employment. He further offered to prove facts which, if true, would raise a question as to whether there had ever been a valid service of summons upon him. He offered to prove "that plaintiff knew all along that the defendant Clifford G. Walker had discharged this particular obligation in bankruptcy; that the plaintiff in this action in fact is using the Court here to oppress the defendant

Clifford G. Walker; that said plaintiff had in the first instance caused this defendant to take bankruptcy and caused his discharge in bankruptcy; that the plaintiff knew these facts and knew he had no valid claim against the defendant Clifford G. Walker; and in all fairness, Your Honor, as a matter of equity if nothing else, the Court should set aside this default and permit the filing of the answer which has been tendered, and permit the defendant to appear and assert the defense of discharge in bankruptcy as to the claims made in the complaint."

The court refused to hear any of this evidence and ruled as follows: "Assuming you are able to establish what you state, Mr. Candell, I would not set aside a judgment on those grounds. * * * "

The trial court permitted Walker's attorney to place in the record a certified copy of the discharge in bankruptcy, and another instrument in the bankruptcy proceeding which clearly showed knowledge thereof on the part of Associates Loan Company.

■ The trial court erred in refusing to set the judgment aside. Motion to vacate a default judgment taken against a defendant should be considered by the trial court in a manner calculated to promote substantial justice. *Burlington Ditch, Reservoir & Land Company, et al., v. Fort Morgan Reservoir & Irrigation Company, et al.,* 59 Colo. 571, 151 Pac. 432. Where a default judgment has been entered and it is made to appear that in justice to a defendant he is entitled to be heard, and that the tendered defense, if established, would defeat the action, the trial court should vacate the judgment. *Gumaer, et al., v. Bell,* 51 Colo. 473, 119 Pac. 681. The generally accepted rule is that, "where an application to vacate a default judgment is made promptly, a defense on the merits should be permitted." *Drinkard, et al., v. Spencer,* 72 Colo. 396, 211 Pac. 379.

■ Numerous opinions of this court announce the rule that the granting or denial of an application to vacate a default rests in the sound judicial discretion

of the trial court, and to warrant a reversal it must appear that there was an abuse of that discretion. See *Ehrlinger v. Parker,* 137 Colo. 514, 327 P. (2d) 267, and cases there cited. It is stated in that case, in which personal service was had upon the defendant, that: "On filing of a motion to set aside a default judgment, where there has been proper service on defendant, and no appearance within the allotted time, there should be tendered for filing an answer setting forth facts which, if established, would result in a judgment materially different than the judgment entered."

In the instant case the defendant made a very strong showing that the facts relied upon as a defense "would result in a judgment materially different than the judgment entered."

The record before us is heavily weighted in support of the motion to vacate the judgment and in the language of this court in *Calkins v. Smalley,* 88 Colo. 227, 294 Pac. 534, "The judgment rendered against the defendant, under the circumstances here disclosed, to say the least, is a harsh one to have been imposed without notice, or opportunity to be heard. He should have his day in court."

The judgment is reversed and the cause remanded with directions to set aside the order denying the Motion for Relief from Judgment, and for further proceedings consistent with the views herein expressed.