No. 21860.

F & S Construction Company, an Arizona corporation
v. Thomas V. Christlieb and Patricia J. Christlieb.
(441 P.2d 656)

Decided June 10, 1968.

68

Fugate & Mitchem, Larry F. Hobbs, for plaintiff in error.

Edward J. McHugh, for defendants in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Plaintiff in error is here attacking an order of the District Court of Adams County denying its motion to set aside a default judgment.

Thomas V. Christlieb and Patricia J. Christlieb (hereinafter referred to as plaintiffs) sued F & S Construction Company (hereinafter referred to as defendant, or F & S) for breach of an implied warranty in the sale of a new residence.

The complaint, filed September 9, 1964, alleged that the parties entered into a contract on March 26, 1955, wherein plaintiffs agreed to buy a house to be constructed by defendant; that plaintiffs took possession May 6, 1955; that in the winter of 1958 cracks appeared in the foundation and walls which eventually rendered the house unfit for habitation. Plaintiffs contended this

constituted a breach of an implied warranty of fitness and asked for damages of $4,000.

Defendant, an Arizona corporation, was no longer doing business in Colorado at the time this suit was instituted. Service of summons was made on the Secretary of State, in accordance with the provisions of C.R.S. 1963, 31-9-19 (2) then in force. The Secretary of State mailed copies of the summons and complaint to F & S at the Arizona address contained in his records. The envelope was returned, marked "undeliverable." No further effort was made to notify defendant of the suit.

On April 5, 1965, plaintiffs moved for default judgment. Their motion alleged that service had been made on the Secretary of State, as required by the statute, but no mention was made of the fact that no notice had actually been delivered to the defendant. Default judgment for $4,000 in favor of plaintiffs was entered April 9.

Some 45 days thereafter, F & S moved to set aside the default judgment alleging that it had received no actual notice of plaintiffs' suit. The motion stated that prior to filing the suit, plaintiffs' counsel had corresponded with the defendant's attorneys concerning this claim, and knew defendant's principal business address was Roselle, Illinois. Defendant further alleged that it had a meritorious defense to the action.

Hearing was held June 4 and the court on June 22, 1965 entered its order denying defendant's motion. On motion for rehearing, defendant tendered an answer, (1) setting up the statute of limitations, and (2) denying certain specific allegations of the complaint, including the amount of damages claimed. After hearing, the motion was again denied.

Defendant's principal contentions here are (1) that C.R.S. 1963, 31-9-19 (2) violates the due process clause of Amendment XIV of the United States Constitution, and (2) that the trial court abused its discretion under R.C.P. Colo. 60 (b) in refusing to set aside the default

judgment. Since we hold that there was an abuse of discretion under the fact situation disclosed here, it is unnecessary to decide the constitutional question presented.

We would point out that C.R.S. 1963, 31-9-19 was amended in 1965. The statute as amended now puts the burden on the party bringing suit, rather than on the Secretary of State, to see that copies of the summons and complaint are sent to the defendant. This amendment was effective June 2, 1965, after the default judgment was entered herein, but before the hearing on defendant's motion to set aside that judgment. It could not, of course, be given retroactive effect. But this expression of legislative intent with respect to notice and the statements of this Court in *Clemens v. District Court*, 154 Colo. 176, 390 P.2d 83, together with the fact that plaintiffs' counsel (not his counsel shown here) had been in negotiation with counsel for the defendant on this very matter and knew exactly where to find the actual address of the defendant after the notice had been returned to the Secretary of State marked "undeliverable," were factors which should have led the trial court to set aside the judgment.

A motion to set aside a default judgment should be considered in a manner calculated to promote substantial justice. *Walker v. Associates Loan Co.*, 153 Colo. 261, 385 P.2d 421. Where the motion has been promptly made and a prima facie meritorious defense is shown, this Court has not hesitated to find abuse of discretion in a court's refusal to set aside a default judgment, particularly in cases where the defendant had no actual notice of the suit, or of the trial. *Walker, supra*; *Mountain States Silver Mining Co. v. Hukill*, 79 Colo. 128, 244 P. 605; *Drinkard v. Spencer*, 72 Colo. 396, 211 P. 379; *Gumaer v. Bell*, 51 Colo. 473, 119 P. 681. While the defenses presented raise legal questions which are not free from doubt, we are not prepared to say that they are frivolous on their face. Defendant should be

given the opportunity of presenting them in a trial on the merits.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.