491 P.2d 1403 (1971)
John T. NORTON, Plaintiff-Appellee,
v.
C. F. RAYMOND, a/k/a Chas. F. Raymond, a/k/a Charles F. Raymond, Defendant-Appellant.
No. 70-573.
Colorado Court of Appeals, Div. I.
December 21, 1971.
*1404 Victoria F. Gross, Denver, for plaintiff-appellee.
Herbert Delaney, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
This appeal is from an order denying defendant's motion to set aside a default judgment. The parties will be referred to as they appeared in the trial court.
The complaint, filed April 14, 1969, contained only one claim for relief, as follows:
"That the Defendant is indebted to the Plaintiff in the sum of $28,500, plus interest at the rate of 6% per annum from October 26, 1967, upon a Colorado transaction."
Personal service was made October 22, 1969 on defendant in California where defendant was a resident. On plaintiff's oral motion, a default judgment was entered November 26, 1969 against defendant in the amount of $210, plus interest of $30. On the court's own motion, without explanation or findings, this judgment was set aside and a judgment for $30,210 was entered December 22, 1969, nunc pro tunc November 26, 1969. On March 10, 1970, defendant filed a motion to set aside the default judgment and filed a proposed answer. The denial of defendant's motion is the basis of this appeal. We reverse.
R.C.P.Colo. 55(f) states:
"Judgment on Substituted Service. In actions where the service of summons was by publication, mail, or personal service out of the state, the plaintiff, upon expiration of the time allowed for answer, may upon proof of service and of the failure to plead or otherwise defend, apply for judgment. The court shall thereupon require proof to be made of the claim and may render judgment subject to the limitations of Rule 54(c)."
The plaintiff failed to follow this rule in that he did not apply for the judgment by written motion setting forth with particularity the grounds in support of the motion and the relief sought as required by R.C. P.Colo. 7(b) (1).
Furthermore, the trial court failed to require proof of the plaintiff's claim as required by R.C.P.Colo. 55(f). Plaintiff contends that his affidavit, filed when the oral motion for default was made, constituted the required proof. We do not agree. The affidavit was basically a form statement to meet the requirements of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, and had only one phrase relating to the plaintiff's claim for relief which stated:
"... that there are no set offs, credits or counter claimed items in this action, and the amount owing, with interest is $30,210 to the date of judgment."
Even if otherwise acceptable, this affidavit offered nothing as to the nature of the grounds or proof of plaintiff's claim.
It is also the duty of the trial court to make sufficient findings to enable the appellate court to clearly understand the basis of the trial court's decision and to enable it to determine the ground on which it rendered its decision. Twin Lakes Reservoir & Canal Co. v. Bond, 156 Colo. 433, 399 P.2d 793; Murray v. Rock, 147 Colo. 561, 364 P.2d 393. The trial court made no findings in this case as to jurisdiction, nature of the plaintiff's action, basis of the court's decision, amount of principal involved as distinguished from interest in the final judgment, nor was there evidence before the court at the time the judgment was entered to give the basis of any appropriate findings. It would be impossible to determine whether defendant's proposed answer presented a meritorious defense since the judgment on a "Colorado transaction" gives no indication as to the true nature of plaintiff's claim, or the basis of the court's decision.
*1405 In F & S Construction Co. v. Christlieb, 166 Colo. 67, 441 P.2d 656, the Supreme Court said, "A motion to set aside a default judgment should be considered in a manner calculated to promote substantial justice." It is clear from the absence of evidence in the record that it is impossible to determine if substantial justice has been done. Therefore, in the interest of substantial justice, the plaintiff should be required to prove his claim and the defendant should be given an opportunity to present his defense.
For the foregoing reasons, it is ordered that the cause be remanded with directions to vacate the default judgment and permit the defendant to file his answer so that the case may be determined on its merits.
SILVERSTEIN, C. J., and PIERCE, J., concur.