495 P.2d 234 (1972)
Betty MILLARD, Plaintiff-Appellant,
v.
Joe Tom SMITH, Defendant-Appellee.
No. 71-075.
Colorado Court of Appeals, Div. I.
March 14, 1972.
Hindry & Meyer, Joseph P. Jenkins, Gail F. Linn, Denver, for plaintiff-appellant.
Johnson & McLachlan, Harlan Johnson, Lamar, for defendant-appellee.
Selected for Official Publication.
DWYER, Judge.
Betty Millard, as plaintiff, brought this action to recover damages for negligence against the defendant, Joe Tom Smith. Upon motion, the trial court dismissed plaintiff's complaint, and on this appeal, she seeks reversal of this judgment of dismissal.
In her complaint, plaintiff alleged that on November 23, 1969, she was operating her automobile on Highway 287 in Baca County, Colorado; that when she reached a point on said highway immediately adjacent to the ranch owned and operated by defendant, a cow owned by defendant appeared upon the highway immediately in front of her; that she swerved her automobile to avoid hitting the cow; that she lost control of her automobile, and it rolled over several times; and that she was injured as a result of the occurrence.
*235 Plaintiff further alleged that "the occurrence hereinabove related was a direct and proximate result of the carelessness and negligence of the Defendant in the care, tending and maintaining of said herd of cattle, and in the care and maintenance of his fences surrounding the enclosure wherein said cattle were pastured."
The court dismissed the complaint on the grounds that Colorado is an open range state and that there is no legal basis for recovery of damages if cattle are upon another's land or upon a highway right-of-way because of the negligence of the owner of the cattle.
The only issue on this appeal is whether the complaint is sufficient to state a claim against defendant upon which relief can be granted. In deciding this issue, which was raised by defendant's motion to dismiss, the material allegations of the complaint must be taken as admitted. Cook v. Denver, 128 Colo. 578, 265 P.2d 700. The complaint cannot be dismissed unless it appears that plaintiff is entitled to no relief under any state of facts which may be proved in support of the claim. See Hinsey v. Jones, 159 Colo. 326, 411 P. 2d 242; Smith v. Mills, 123 Colo. 11, 225 P.2d 483. Plaintiff's complaint alleges that defendant was negligent and that his negligence was the proximate cause of her injuries. These allegations must be accepted as true for the purposes of the motion to dismiss. When so considered, the allegations of the complaint are sufficient to state an actionable claim upon which relief can be granted.
In dismissing the complaint, the court held that under the statutes of the State of Colorado no action lies to recover damages suffered by a driver of a vehicle who strikes cattle on a public highway even where the owner of the cattle is negligent in tending to the cattle or in maintaining fences. The statutes on which the court relied are C.R.S.1963, 8-13-1 et seq., the fence statute, and also, C.R.S.1963, 8-13-12, which imposes a duty upon the State Department of Highways to maintain right-of-way fences along all federal aid highways. In so holding, the court was in error. These statutes do not bar the action for negligence alleged in plaintiff's complaint.
This conclusion is supported by Robinson v. Kerr, 144 Colo. 48, 355 P.2d 117. In that case, plaintiff brought an action to recover damages for injuries sustained when he was kicked by a horse which defendant owned and allowed to roam at large. Defendant contended that he could not be held liable in damages because of the provisions of the fence law. However, the Supreme Court held:
"In answer to this contention it need only be said that Colorado in adopting the fence law, or as it sometimes is calledthe open range lawmodified the common law only to the extent embraced in the statute, which may not be enlarged by construction, nor its application extended beyond its specific terms.
`Statutes are not presumed to alter the common law otherwise than the act expressly provides.'"
The fence statute does not expressly bar the action alleged in the complaint, and the statute should not be enlarged by construction nor its application extended beyond its specific terms to operate as such a bar.
In urging affirmance of this judgment, defendant asserts that "the shotgun allegation that defendant was negligent or careless in the tending of his cattle and the fences does not allege the type of negligence for which a livestock owner can be held liable in this state." It is true that the complaint does not set forth specific acts of negligence on the part of the defendant, but plaintiff was not required to allege negligence with particularity. Upon trial, it will be her burden to establish that defendant has by some act of negligence breached his duty to the plaintiff. As this court stated in Barnes v. Frank, 28 Colo. App. 389, 472 P.2d 745:
"The fact that the cattle were on the highway does not in and of itself made *236 defendant liable or raise a presumption of negligence against defendant. The cattle may have entered on the highway because of any number of factors, including possible acts of third persons. The duty rests upon plaintiff to prove defendant was negligent by a preponderance of the evidence."
Judgment reversed with directions that the complaint be reinstated.
SILVERSTEIN, C. J., and ENOCH, J., concur.