577 P.2d 1107 (1978)
CARLS CONSTRUCTION, INC., and Carl Phelps, Plaintiff-Appellee,
v.
Joe GIGLIOTTI, Individually and d/b/a Custom Concrete Products, Defendants-Appellants.
No. 77-438.
Colorado Court of Appeals, Division III.
April 6, 1978.
*1108 Kirschenmann, King, Dawes & Ker, Jon R. Ker, Durango, for defendants-appellants.
PIERCE, Judge.
Defendant, Joe Gigliotti, appeals the trial court's denial of his motion to set aside a default judgment. We reverse.
On November 8, 1976, defendant was served with summons and complaint in Webb County, Texas. His answer was therefore due on December 8, 1976. C.R.C.P. 12(a). Sometime in mid-December, defendant, acting without counsel, mailed to the court a letter which purported to be an answer and which set out a number of meritorious defenses. Though the trial court received the letter on December 28, 1976, it was never filed since defendant did not tender a docket fee. Without further notice to defendant, the court granted plaintiff's motion for a default judgment on January 11, 1977.
The first question we address is whether the letter is a sufficient "appearance" under C.R.C.P. 55(b)(2) to entitle defendant to three days notice and a hearing. We hold that it is. As the Supreme Court said in R.F. v. D.G.W., Colo., 560 P.2d 837 (1977):
"We note that we are not dealing with technical concepts of appearance as the word is used in analysis of jurisdiction over the person. . . . Rather, we are concerned with a provision of the Rules of Civil Procedure which seeks to insure fairness by providing notice to a party who has expressed interest in defending a lawsuit brought against him."
Here, the letter clearly indicated an intention on Gigliotti's part to defend, and the *1109 three-day notice requirement of C.R.C.P. 55(b)(2) was therefore triggered. See Bankers Union Life Insurance Co. v. Fiocca, 35 Colo.App. 306, 532 P.2d 57 (1975).
Furthermore, we are not aware of any rule, statute, or case authority which makes the payment of the docket fee a prerequisite to an entry of appearance for the purpose of entitling a party to notice before entry of default judgment. Here, the defendant was only informed by the summons that he must submit an answer within a definite period of time. The court was aware of defendant's address on the return of summons and could have requested payment of the docket fee. However, the case cannot proceed to a determination of the issues without payment of the fee. See § 13-32-101(1)(d), C.R.S.1973 (1976 Cum.Supp.).
Finally, under the circumstances here, defendant's right to notice under C.R.C.P. 55(b)(2) was not extinguished by the fact that the appearance was not made within the time required for an answer under C.R.C.P. 12(a) prior to entry of default.
Accordingly, the default judgment is reversed, and the cause remanded with directions that, upon defendant's payment of the required docket fees within ten days from the issue of the mandate of this court, his answer be reinstated. See Bankers Union Life, supra.
SMITH and KELLY, JJ., concur.