MR. JUSTICE LEE
delivered the opinion of the Court.
Plaintiff James E. Norsworthy appeals from a judgment of the district court, which affirmed an order of the department of revenue revoking his driver’s license for a period of six months, as provided by the implied consent law, section 42-4-1202(3), C.R.S. 1973. The plaintiff asserts that a default judgment should have been entered in his behalf after the department failed to file a timely answer to his complaint for judicial review. He also contends that the implied consent law is unconstitutional as violative of equal protection because initiation of the revocation process lies in the discretion of the arresting officer. We affirm the judgment.
I.
After the department of revenue revoked his license, the plaintiff filed his complaint seeking judicial review of the revocation. The department failed to file a timely answer to the complaint and the plaintiff moved for a default judgment. The district court entered a default against the department and ordered plaintiff to submit a brief on the merits of his complaint. After reviewing plaintiffs brief in support of his complaint, the district court denied plaintiffs motion for a default judgment and affirmed the revocation.
The plaintiff contends that C.R.C.P. 55(e) compels the district court to enter a judgment by default in his favor. We do not agree. Rule 55(e) provides that:
“No judgment by default shall be entered against an officer or agency of the State of Colorado unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.” (Emphasis added.)
Under the rule, a plaintiff clearly is not entitled to a judgment by default as a matter of right when the defendant is an officer or agency of Colorado. Upon review of the brief in support of the plaintiffs complaint and *529 the transcript of the testimony before the hearing officer, the court concluded that the plaintiff had not “established] his claim or right to relief by evidence satisfactory to the court.” It therefore properly denied plaintiffs motion for judgment by default.
II.
The implied consent law, section 42-4-1202(3)(e), C.R.S. 1973 (1978 Supp.), provides:
“The department, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle while under the influence of, or impaired by, alcohol and that the person had refused to submit to the test upon the request of the law enforcement officer, shall, as soon as possible, serve notice upon said person, ... to appear before the department and show cause why his license to operate a motor vehicle . . . should not be revoked. . . .”
Absent the sworn report, the department cannot act to revoke a license under subsection 3(e) pending prosecution of the criminal offense. The plaintiff argues that an arresting officer does not have to submit a report in every instance when a person refuses the test. The plaintiff, therefore, contends that placing discretion in the arresting officer to determine criminal liability violates the equal protection clause of the United States Constitution. We do not agree.
In support of his argument, the plaintiff cites People v. Vinnola, 177 Colo. 405, 494 P.2d 826 (1972). There we held unconstitutional the bad check law (C.R.S. 1963, 40-14-20(2)(a) and (b), as amended by Colo. Sess. Laws 1970, ch. 48), which provided:
“A person is guilty of issuing a bad check when:
“He utters a check knowing or having reasonable cause to know at the time of uttering it that it will not be paid, and it is not paid because of insufficient funds.” (Emphasis added.)
That statute allowed a third party (the drawee bank) to determine criminal liability by either dishonoring or paying the check. We held the statute to be constitutionally infirm. We noted that vesting of such discretion in the hands of the drawee bank is at odds with constitutional due process and equal protection of the laws, and stated that: “Criminal liability and punishments should not be predicated upon a third party’s unfettered discretion.”
The holding in Vinnola, however, is inapplicable to the present case for the following reasons. First, a person violates the implied consent law by his refusal to submit to a chemical sobriety test. It is the refusal which creates the liability, not the decision of the arresting officer to submit a report. In contrast, under the statute in Vinnola, a person could not violate the bad check statute unless the bank decided not to honor the check. Secondly, the creation of criminal liability by a third party, as in Vinnola, *530 should not be confused with the well-established principle of prosecutorial discretion. As mentioned above, under the implied consent statute the liability is triggered by a licensee’s refusal to submit to the requested test. The decision whether to prosecute for the violation lies with the state, not with a private person or corporation as in Vinnola. Finally, the Vinnola decision is inapposite because that case concerned the imposition of criminal sanction, whereas the revocation of one’s driver’s license because of refusal to submit to a chemical sobriety test is clearly a civil administrative proceeding. Noe v. Dolan, 197 Colo. 32, 589 P.2d 483 (1979).
The judgment is affirmed.