**Linda Lou CRAIG, Petitioner-Appellant,**

v.

**Elbert E. RIDER, Miles Ericson Craig, Devisees in the Estate of Lulu Ann King, Deceased; United States Bank of Grand Junction, Personal Representative of the Estate of Lulu Ann King, Deceased, Respondents-Appellees.**

No. 79CA0384.

Colorado Court of Appeals, Div. II.

Nov. 28, 1980.

Rehearing Denied Dec. 26, 1980.

Certiorari Granted May 18, 1981.

Nelson, Hoskin, Groves & Prinster, P. C., John W. Groves and Gregg K. Kampf, Grand Junction, for petitioner-appellant.

Harshman & Brown, Thomas M. Deister and T. J. Harshman, Grand Junction, for respondent-appellee Elbert E. Rider.

Dufford, Waldeck & Williams, D. J. Dufford and Robert I. Williams, Grand Junction, for respondent-appellee Miles Ericson Craig.

Williams, Turner & Holmes, Anthony W. Williams, Grand Junction, for respondent-appellee United States Bank of Grand Junction.

PIERCE, Judge.

Petitioner, Linda Lou Craig, granddaughter and sole heir of the testatrix, Lulu Ann King, appeals an order of the trial court denying her motion to vacate an order admitting the will of testatrix to probate. We affirm.

Mrs. King died on May 20, 1978, leaving a will dated August 20, 1975. The will, if probated, would leave one half of the King estate to Bert Rider, a friend of decedent. The balance of the estate is devised in trust to Linda Lou Craig's minor son, Miles.

On June 1, 1978, Linda Lou signed a waiver of service of notice of a hearing concerning the formal probate of will and appointment of a personal representative for the estate of decedent. On June 21, 1978, the will of decedent was admitted to probate and the personal representative was appointed.

On July 19, 1978, Linda Lou filed a motion to vacate the order admitting the will of decedent to probate pursuant to § 15–12–413, C.R.S. 1973, which states:

"For good cause shown, an order in a formal testacy proceeding may be modified or vacated within the time allowed for appeal."

A hearing was held on February 15, 1979. Linda Lou alleged that evidence discovered subsequent to admission of the will to probate indicated that Lulu Ann King lacked testamentary capacity at the time of the execution of her will, and that undue influence was exerted upon her by Bert Rider. On March 2, 1979, the trial court entered an order denying Linda Lou Craig's motion to vacate.

Her principal contentions are that the trial court erred in (1) excluding evidence she offered tending to show a prima facie meritorious defense to the will, and finding that she had not been diligent in obtaining this evidence, and (2) ruling that she was estopped to contest the admission of the will to probate by signing a waiver of service of notice and hearing.

I.

Linda Lou contends that the trial court erred in its determination of "good cause shown" under § 15–12–413, C.R.S. 1973, by not considering the underlying bases of the meritorious defenses of lack of testamentary capacity and undue influence in conjunction with the efforts made by her to acquire this evidence. We disagree.

Section 15–12–413, C.R.S. 1973, does not define "good cause shown." Where the probate code is silent on the construction of a particular provision, the Colorado Rules of Civil Procedure concerning the vacation of orders and appellate review govern formal proceedings. Section 15–10–304, C.R.S. 1973.

Where there has been no trial of any issues presented upon the pleadings, a motion to vacate an order admitting a will to probate is analogous to a motion to set

aside a default judgment for good cause shown under C.R.C.P. 55(c) and 60(b). *See In re McKinney's Will*, 125 N.Y.S.2d 705 (1953). As such, the standard to apply in determining whether petitioner had complied with the "good cause shown" requirement is (1) excusable neglect, and (2) a meritorious defense. *Temple v. Miller*, 30 Colo.App. 49, 488 P.2d 252 (1971).

 Whether the trial court considers these two elements of "good cause shown" separately or together, it is nevertheless necessary to determine if excusable neglect exists. A party may not have a judgment vacated solely upon an allegation of the existence of a meritorious defense. *Snow v. District Court*, 194 Colo. 335, 572 P.2d 475 (1977). In *Edwards v. Edwards*, 481 P.2d 432 (Colo.App.1970) (not selected for official publication), it was held that a party in default is not entitled to have an adverse judgment set aside simply because of a weakness in the other party's judgment. Rather, the defaulting party must first stand upon the strength of his own justification for being in default, and he is not entitled to assert a meritorious defense until he successfully does so. *See Andrews & Co. v. Wylie*, 536 P.2d 883 (Colo.App.1975) (not selected for official publication). Therefore, the trial court did not err in making an initial determination of the absense of excusable neglect.

## II.

Linda Lou argues that if the trial court had applied a standard of good cause shown under C.R.C.P. 55(c) and 60(b), then her conduct should have been determined to constitute excusable neglect. She alleges that it was an abuse of the trial court's discretion to apply the more stringent standard of due diligence applicable to motions for new trial under C.R.C.P. 59(b).

In *Watered Down Farms v. Rowe*, 39 Colo.App. 169, 566 P.2d 710 (1977), *rev'd on other grounds*, 195 Colo. 152, 576 P.2d 172 (1978), it was held that excusable neglect results from circumstances which would cause a reasonably careful person to neglect a duty, and the issue of negligence is determined by the trier of fact. Although the trial court used the terminology of both "due diligence" and "excusable neglect" in reference to its inquiry, it found that the evidence obtained by petitioner could have been acquired prior to the probate hearing with "but a modicum of inquiry." Since adequate evidence exists in the record to support the trial court's determination that petitioner did not demonstrate excusable neglect, that determination is binding on review. *See Weeks v. Sigala*, 32 Colo.App. 121, 509 P.2d 320 (1973).

It is unnecessary to address the estoppel issue since we have resolved this controversy in favor of respondents on other grounds.

We have examined petitioner's remaining contentions of error and find them to be without merit.

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.