Hugh BEST, Plaintiff-Appellee,

v.

Richard C. JONES, and Delores Jones, individually and d/b/a P & D Manufacturing, Inc., B & P Trucking, Inc., and K & D Service, Inc., Defendants,

and

D & K Rental, Inc., Defendant-Appellant.

No. 81CA0040.

Colorado Court of Appeals, Div. II.

March 11, 1982.

Yoelin & Greenberg, Edward S. Greenberg, Denver, for plaintiff-appellee.

Hall & Evans, Robert S. Treece, Denver, for defendant-appellant.

PIERCE, Judge.

A default judgment was entered against the defendant D & K Rental, Inc., a corporation. D & K then filed a motion to set aside the judgment under C.R.C.P. 60(b). From a denial of that motion D & K appeals. We reverse.

D & K, among other defendants, was sued in a contract action. Within the time for filing an appropriate answer, one of the officers of the corporation attempted to file documents with the court. The trial court refused to accept the documents from this officer and informed him that a corporation could only appear through legal counsel. The court then granted the corporate officer 15 days within which to obtain legal counsel and file an appropriate response to the complaint. After the period granted by the court had expired, plaintiffs filed a motion for default judgment and the court granted judgment. No three-day notice under C.R.C.P. 55(b)(2) was given to D & K prior to the entry of default judgment.

Subsequently, when D & K was served with documents pertinent to collecting the judgment, it obtained legal counsel and filed an amended answer and a C.R.C.P. 60(b) motion attempting to set aside the default on the grounds of mistake, inadvertence, surprise, or excusable neglect. At the hearing on this motion, only the issues under 60(b) were tried and the court denied the motion and refused to set aside the judgment. No mention was made of the C.R.C.P. 55 deficiency.

On appeal, D & K challenges the trial court's denial of its C.R.C.P. 60(b) motion and also complains of the lack of notice under C.R.C.P. 55. We need not consider the C.R.C.P. 60(b) issue because we rule that the lack of notice under C.R.C.P. 55(b)(2) is a sufficient ground for reversing the judgment.

■ Best argues that the rule 55 issue cannot be raised for the first time on appeal since the alleged improper procedure was never brought to the attention of the trial court. See C.R.C.P. 59(f); *First Lutheran Mission of the Knolls v. Department of Revenue*, Colo.App., 613 P.2d 351 (1980). Failure to give notice under C.R.C.P. 55, however, is an exception to this general rule. Such notice is jurisdictional and should be noted by an appellate court even if not raised by the parties. *Civil Service Commission v. Doyle*, 162 Colo. 1, 424 P.2d 368 (1967).

Here, the trial court was well aware that the corporation intended to defend itself in this action, and the court had acknowledged that situation by its 15-day stay. As stated in *Bankers Union Life Insurance Co. v. Fiocca*, 35 Colo.App. 306, 532 P.2d 57 (1975):

"The purpose of the notice requirement is to protect those parties who, although delinquent in filing pleadings within the time periods specified, have indicated a clear purpose to defend by entry of their appearance."

■ The attempt by the officer of the corporation in this case, while not technically an appearance on behalf of the corporation, was an "appearance" sufficient to trigger the notice requirement of C.R.C.P. 55(b)(2). *See R. F. v. D. G. W.*, 192 Colo. 528, 560 P.2d 837 (1977) (individual made brief pro se appearance at one hearing).

Accordingly, the default judgment is reversed and the cause is remanded with directions to reinstate the answer and for further proceedings not inconsistent with this opinion. *See Carls Construction, Inc. v. Gigliotti*, 40 Colo.App. 535, 577 P.2d 1107 (1978).

ENOCH, C. J., and KELLY, J., concur.