Richard BIELLA, Plaintiff-Appellee
and Cross-Appellant,

v.

The STATE DEPARTMENT OF HIGH-
WAYS of the State of Colorado; The
State of Colorado, Defendants-Appel-
lants and Cross-Appellees.

No. 81CA0245.

Colorado Court of Appeals,
Div. II.

July 1, 1982.

Rehearing. Denied July 22, 1982.

Certiorari Granted Oct. 25, 1982.

Caplan & Earnest, Gerald A. Caplan, Boulder, for plaintiff-appellee and cross-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., David K. Rees, Asst. Atty. Gen., Denver, for defendants-appellants and cross-appellees.

VAN CISE, Judge.

Defendants, State Department of Highways and the State of Colorado, appeal the trial court's award of damages to the plaintiff and its order denying defendants' motion to vacate default judgment. Plaintiff has abandoned his cross-appeal. We affirm.

On April 19, 1978, the plaintiff's prize heifer wandered onto Colorado Highway 36 and was killed by an oncoming car. Plaintiff's lawyer demanded payment from the State of Colorado, claiming that the State had failed to maintain the fence which separated plaintiff's land from the highway. The State, acting through its insurance company, denied the claim on the ground that Colorado's right-of-way fence law did not create an actionable duty toward the plaintiff on the part of the State.

On March 5, 1979, the plaintiff filed a complaint which alleged that § 35–46–111, C.R.S.1973, imposes a duty on the defendants to maintain a fence along the highway; that the defendants had violated the statute; and that this violation was a direct and proximate cause of the heifer's death. The plaintiff also alleged that the State had failed to exercise ordinary care in inspecting, discovering defects in, maintaining, and repairing the fence. The plaintiff claimed damages of $7,500. Although both the Department of Highways and the State were served with a copy of the complaint, no appearance was entered and no timely responsive pleading was filed.

On April 18, 1979, plaintiff filed a motion for default judgment. No copy of his motion was served on the defendants or sent to the attorney general. On April 30, 1979, the court directed entry of default against the defendants. On May 10, 1979, the court set a hearing on plaintiff's motion for default judgment, and sent a copy of this notice to the plaintiff only. On May 23, 1979, a hearing was held *ex parte* on plaintiff's motion for default judgment. Final judgment was entered in plaintiff's favor on March 26, 1980, in the sum of $13,500.

On April 25, 1980, the attorney general received a letter from plaintiff's counsel demanding payment of the judgment. As a result, defendants moved to set aside entry of default pursuant to C.R.C.P. 55(c) and for relief from judgment pursuant to C.R.C.P. 60, attaching an answer. The motions were denied, as was the motion for new trial. The court did, however, reduce the damages awarded from $13,500 to $7,500, the amount prayed for in the complaint.

I.

The defendants first contend that the default judgment was defective because of the failure to serve a three-day notice as required by C.R.C.P. 55(b)(2). They argue that defendants "appeared" within the meaning of the rule because they evidenced a desire to defend when their insurance

company denied liability for the claim. We disagree.

Colorado has taken a liberal approach in determining what constitutes an "appearance" under C.R.C.P. 55(b)(2). *See R.F. v. D.G.W.,* 192 Colo. 528, 560 P.2d 837 (1977); *Best v. Jones,* Colo.App., 644 P.2d 89; *Carls Construction, Inc. v. Gigliotti,* 40 Colo.App. 535, 577 P.2d 1107 (1978). However, the rule of these cases is not sufficiently expansive to embrace defendants' conduct here.

██ To be entitled to notice of application for judgment under C.R.C.P. 55(b)(2), a party's appearance must be responsive to the plaintiff's formal court action. The plaintiff's knowledge that the defendants plan to resist the suit is not enough. *Baez v. S.S. Kresge Co.,* 518 F.2d 349 (5th Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Nor do the provisions of § 24–31–101, C.R.S.1973 (1981 Cum.Supp.), which imposes upon the attorney general the statutory obligation to represent state agencies, transform the attorney general's inaction to an appearance. Hence, the trial court correctly concluded that no notice was required under C.R.C.P. 55(b)(2).

## II.

Arguing that C.R.C.P. 55(e) requires an adversary hearing after notice to the State, defendants assert that the court erred by failing to vacate the default judgment, since no such hearing was held. We find no such requirement.

C.R.C.P. 55(e), which governs default judgments against an agency of the State, provides:

"No judgment by default shall be entered against an officer or agency of the State of Colorado unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

Defendants' reliance on *Campbell v. Eastland,* 307 F.2d 478 (5th Cir. 1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963), is misplaced because that case concerned the interplay between C.R.C.P. 55(e) and C.R.C.P. 37(b). Under such circumstances, an adversary hearing is the probable result of a request for default

judgment as a sanction for failure to make discovery when the government is already a litigant.

Neither do we regard the statements made in 6 *J. Moore's Federal Practice* § 55.12 (2d ed. 1976) as being applicable here. The commentary relates to the case of *Rank v. (Krug) United States,* 142 F.Supp. 1 (S.D.Cal.1956), *modified,* 293 F.2d 340 (9th Cir. 1961), *modified,* 307 F.2d 96 (9th Cir. 1962), *modified,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). In that case, a default judgment against the United States was reopened for the taking of testimony to establish a right to relief. The United States was in fact notified of this hearing, but the case does not stand for the proposition that such notice is mandatory.

██ A plaintiff is not entitled to a judgment by default as a matter of right when the defendant is an agency of Colorado. *Norsworthy v. Colorado Department of Revenue,* 197 Colo. 527, 594 P.2d 1055 (1979). C.R.C.P. 55(e) requires that the claimant establish his claim by "evidence satisfactory to the court." But, "absent an express statutory mandate to the contrary, government agencies are to be treated as would [be] any other litigant while before the court." *Bostic v. Harris,* 484 F.Supp. 686, 688 (D.W.Va.1979). Notice to these defendants is not required, *see Fedor v. Ribicoff,* 211 F.Supp. 520 (E.D.Pa.1962); neither is an adversary hearing.

## III.

Defendants contend, nevertheless, that the trial court erred in failing to vacate the default judgment since defendants alleged meritorious defenses which, if proved, would defeat the action. We do not agree.

██ Because defendants failed to answer, this became a non-adversary proceeding. The averments in plaintiff's complaint, not having been denied in responsive pleadings filed before judgment are deemed admitted, as they would be for any other litigant. *Orebaugh v. Doskocil,* 145 Colo. 484, 359 P.2d 671 (1961). Here, however, the court, *sua sponte,* conducted an *ex parte*

evidentiary hearing on plaintiff's motion for default judgment.

Plaintiff testified about the accident, the condition of the fence, previous incidents involving other livestock and the highway department, and details establishing the value of his heifer and the calf she was carrying. A livestock expert also testified as to the damage to plaintiff from the loss of the heifer.

Based on and supported by that evidence, the court made findings and conclusions that the defendants were negligent, that this negligence was a proximate cause of the plaintiff's damages, and that plaintiff had sustained damages of $13,500 (later reduced to $7,500) caused by defendants' negligence. This, obviously, was "evidence satisfactory to the court" and met the requirements of C.R.C.P. 55(e).

Once it is established that there has been no procedural defect in the granting of the default judgment and that "evidence satisfactory to the court" has been presented to support plaintiff's claim (see I and II, *supra*), the question then becomes whether, pursuant to C.R.C.P. 60(b), defendants were entitled to have the default judgment set aside. In making this determination, defendants again are to be treated like any other litigant. *See Bostic v. Harris, supra.*

Defendants must show not only that they have a meritorious defense but also that they come within one of the reasons specified in the rule. The mere existence of a meritorious defense is not sufficient alone to justify vacating the judgment. *Riss v. Air Rental, Inc.,* 136 Colo. 216, 315 P.2d 820 (1957).

In its C.R.C.P. 60(b) motion for relief from judgment, defendants listed several claimed meritorious defenses and filed an answer setting them forth. The reason assigned for failing to answer was inadvertence and excusable neglect. To support the claim, defendants asserted that "the loss of the [summons and complaint] served on the State, considering the massive machinery of the State and the number of documents so served annually, constituted inadvertence or excusable neglect." However, the trial court found, and we agree, that the facts

admitted by defendants show that their own carelessness resulted in their failure to file a responsive pleading and that this carelessness did not constitute excusable neglect. *Farmers Insurance Group v. District Court,* 181 Colo. 85, 507 P.2d 865 (1973).

Therefore, even though defendants may have a meritorious defense or defenses and even though perhaps defendants would prevail at trial if the judgment were vacated, since there was no excusable neglect, there is no basis for setting aside the default. *Riss v. Air Rental, Inc., supra; Craig v. Rider,* Colo.App., 628 P.2d 623 (1980).

Having so concluded, we need not address the remaining contentions of defendants.

Judgment affirmed.

TURSI, J., concurs.

KELLY, J., dissents.

KELLY, Judge, dissenting.

I respectfully dissent. I agree with the majority holding under Section I and Section II, but disagree with the approach taken under Section III.

C.R.C.P. 55(e) provides:

"No judgment by default shall be entered against an officer or agency of the State of Colorado unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

The majority has elected to treat the State's arguments as falling under that portion of C.R.C.P. 55(e) requiring "evidence satisfactory to the court." I have more concern for that portion of the rule which requires the claimant to establish his "claim or right to relief."

It seems elementary to me that, in order to establish a "claim or right to relief," a litigant must show that a claim for relief exists, which, in the case of negligence, includes a showing that there was a legal duty which was breached. There was no such showing here, nor could there be, because no such duty runs from the State of Colorado to persons in the plaintiff's class.

Plaintiff's position is that § 35-46-111, C.R.S.1973, creates a duty in the State to

maintain fences for the benefit of owners of stock grazing on land adjacent to the highway. The attorney general counters that the imposition of such a duty is beyond the purpose of the statute and that the statute imposes a general public duty rather than creating a private cause of action.

The disputed statute is part of the Colorado Fence Law, §§ 35–46–101 et seq., C.R.S.1973. This law codified the common law of Colorado, which provided that livestock owners could range stock at will, and farmers could recover for damage to their crops caused by trespassing livestock only if the damaged land was enclosed by an adequate fence. *SaBell's, Inc. v. Flens,* 42 Colo.App. 421, 599 P.2d 950 (1979) *aff'd,* Colo., 627 P.2d 750 (1981); § 35–46–102, C.R.S.1973. However, the Supreme Court has declined to extend the protection of the fence law to an action for personal injuries inflicted by trespassing animals, holding that the law "at most provides a defense to an owner of trespassing livestock [when] the claimant is unable to show that his land was enclosed by a fence of sufficient strength to turn ordinary cattle, and by its terms is limited to damages to [vegetation]." *Robinson v. Kerr,* 144 Colo. 48, 355 P.2d 117 (1960).

Among these statutes concerning fence-building by property owners to protect against trespassing livestock is the statute relied upon by the plaintiff, § 35–46–111, C.R.S.1973, which provides:

"It is the duty of the division of highways to maintain right-of-way fences along and adjacent to all federal aid highways constructed by the division, where such highways are maintained by the division. . . . "

The statute does not set forth the purpose for requiring the State to maintain right-of-way fences or the persons or class of persons to whom the State's duty is owed. The plaintiff's contention that the State's duty is owed to the livestock owner to prevent injury to his livestock is not consistent with the remainder of the fence law, which aims at protecting a landowner from trespassing livestock.

The more likely purpose of § 35–46–111, C.R.S.1973, is to protect motorists on the highway from the danger of trespassing livestock wandering into their path and causing an accident. *See Millard v. Smith,* 30 Colo.App. 466, 495 P.2d 234 (1972). In light of the overall purpose of the fence law, it is my view that the right-of-way fence statute does not create a duty in the State owed to the owners of trespassing livestock. Absent this duty, there can be no breach constituting negligence for which the plaintiff can recover.

The State sought to set aside the default judgment under the provisions of both C.R. C.P. 55(e) and C.R.C.P. 60(b). I agree with the majority that the State's actions did not constitute excusable neglect for purposes of C.R.C.P. 60(b)(1). However, C.R.C.P. 55(e) affords an independent basis for relief from default judgment under C.R.C.P. 60(b)(5). Since, under C.R.C.P. 55(e), a claimant cannot obtain a default judgment against the State without establishing his claim by evidence satisfactory to the court, the State must have an avenue of redress when the claimant fails to establish his claim. This avenue is provided by C.R.C.P. 60(b)(5), which permits the default judgment to be set aside for "any other reason justifying relief." *See generally Sunshine v. Robinson,* 168 Colo. 409, 451 P.2d 757 (1969). Unless so interpreted, noncompliance with C.R. C.P. 55(e) could go unchallenged.

Since § 35–46–111, C.R.S.1973, creates no duty in the State toward the plaintiff, and no other source of such a duty appears, the trial court erred in entering a default judgment against the State under C.R.C.P. 55(e), and erred in failing to set aside the default judgment under C.R.C.P. 60(b)(5). *See generally F & S Construction Co. v. Christlieb,* 166 Colo. 67, 441 P.2d 656 (1968).