Steve MYERS, Plaintiff–Appellee,

v.

STATE of Colorado DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant–Appellant.

No. 04CA2179.

Colorado Court of Appeals,
Div. III.

Nov. 17, 2005.

Edwin J. Lobato, Alamosa, Colorado, for Plaintiff–Appellee.

John W. Suthers, Attorney General, Robert Dodd, Jr., Assistant Attorney General, Denver, Colorado, for Defendant–Appellant.

TAUBMAN, J.

Defendant, Colorado Department of Revenue, appeals the district court judgment reversing an order revoking the driver's license of plaintiff, Steve Myers, for a period of one year. We reverse and remand with directions that the district court enter a new order.

Based upon a traffic stop of plaintiff in October 2003, the Department initiated proceedings to revoke plaintiff's driving privileges. Following a hearing, the hearing officer revoked plaintiff's driving privileges for a period of one year based upon a determination that plaintiff "knowingly declined to provide a urine sample to law enforcement."

Thereafter, plaintiff sought judicial review of the revocation order in the district court. Although the Department filed an answer asserting that the revocation order was supported by substantial evidence and should be affirmed, it did not file a supporting brief.

The district court reversed the revocation order. The court specifically noted that the district attorney's office "did not file a[b]rief in this case" and that "no response brief has been filed and therefore the Complaint for Judicial Review should be GRANTED."

On appeal, the Department contends that the district court erred in granting the petition and reversing the revocation order based solely upon the Department's failure to file a brief. We agree.

Judicial review of driver's license revocation orders is governed by § 42–2–126(10)(b), C.R.S.2005. That statute provides that "review shall be on the record without taking additional testimony." It further provides that a court may reverse the Department's determination only if the Department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is unsupported by the evidence in the record. *See Scherr v. Colo. Dep't of Revenue*, 49 P.3d 1217 (Colo.App.2002).

Section 42–2–126(10)(b) requires specific findings based on the court's review of the record. *See Cop v. Charnes*, 738 P.2d 1200 (Colo.App.1987)(holding that, under the stat-

utory criteria, the absence of a transcript, standing alone, is not a sufficient basis to reverse a determination by the Department).

In addition to the statutory standard of review requirements in § 42–2–126(10)(b), C.R.C.P. 55(e) specifically precludes the entry of a default judgment against a state agency "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

In *Norsworthy v. Colorado Department of Revenue,* 197 Colo. 527, 594 P.2d 1055 (1979), the Department failed timely to answer a complaint for judicial review of a license revocation. However, the supreme court held that the district court properly denied the driver's motion for default judgment because the driver failed to establish his right to relief by satisfactory evidence as required under C.R.C.P. 55(e). *See also Sauer v. Heckers,* 34 Colo.App. 217, 524 P.2d 1387 (1974)(despite Department's failure timely to comply with order requiring it to file plaintiff's driving record and transcript of revocation hearing, plaintiff was not entitled to default judgment absent satisfactory showing that he was entitled to relief on the merits).

Thus, under both the standard of review contained in § 42–2–126(10)(b) and the restrictions imposed by C.R.C.P. 55(e), the district court should not have reversed the revocation order based solely upon the Department's failure to file a brief.

Plaintiff argues that the district court's decision was actually based upon the merits and a review of the administrative record. We are not persuaded. Nothing in the district court's order reflects consideration of the merits based upon the appropriate standard of review set forth in § 42–2–126(10)(b). Nor does the order indicate that the district court's decision was based upon anything other than the Department's failure to file a brief in the case.

Alternatively, plaintiff asserts that the district court acted within its discretion in ruling against the Department "due to its failure to comply with the briefing schedule." In support of this argument, plaintiff cites to the Colorado Appellate Rules, which apply to district court review of revocation proceedings. *See* § 24–4–106(4), C.R.S.2005 (providing that parties to such review actions "shall file briefs within the time periods specified in the Colorado appellate rules"). However, the appellate rules do not authorize the entry of judgment against a party defending an appeal based upon that party's failure to file a brief. To the contrary, when an appellee fails to file a brief, C.A.R. 38(b) merely authorizes the court to dispense with oral argument.

Plaintiff's reliance upon *DuPuis v. Charnes,* 668 P.2d 1 (Colo.1983); *Warren Village, Inc. v. Board of Assessment Appeals,* 619 P.2d 60 (Colo.1980); and *Wilkinson v. Motor Vehicle Division,* 634 P.2d 1016 (Colo.App.1981), is misplaced. In all those cases, the appealing .party failed to file a brief—a failure that carries more serious consequences. *See* C.A.R. 38(b) (if appellant fails to file timely brief, opposing party may move for dismissal).

In sum, we conclude that the district court erred in granting the petition and reversing the revocation order based solely upon the Department's failure to file an opposing brief.

The judgment is reversed, and the case is remanded to the district court to consider the merits of the petition and for entry of a new order based upon the appropriate standard of review. On remand, the district court, in the exercise of its discretion, may decide whether to permit the Department to file a brief.

CASEBOLT and HAWTHORNE, JJ., concur.