24CA0122 Montoya v State of Colorado 09-26-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0122
Jefferson County District Court No. 23CV189
Honorable Christopher C. Zenisek, Judge

---

Lisa S. Montoya,

Plaintiff-Appellant,

v.

State of Colorado,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE NAVARRO
Dunn and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 26, 2024

---

Lisa S. Montoya, Pro Se

Philip J. Weiser, Attorney General, Amy Colony, Senior Assistant Attorney
General, Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Lisa S. Montoya, appeals the trial court's judgment dismissing her claims against defendant, the State of Colorado, under C.R.C.P. 12(b)(5). As part of her appeal, she also challenges the court's denial of her motions for default judgment. We affirm.

## I.    Factual and Procedural History

¶ 2     In September 2023, Montoya, representing herself, filed a complaint alleging that the State committed various crimes against herself and others. The complaint was served on the Jefferson County Clerk of Court. In early October, Montoya filed a motion for default judgment because the State had not responded to the complaint. The trial court denied Montoya's motion, finding that she had failed to demonstrate that she had properly served the complaint under C.R.C.P. 4(e). The court also found that she had failed to provide affidavits establishing proper venue and the amount of damages or other relief sought as required by C.R.C.P. 121, section 1-14(1)(b), (1)(d).

¶ 3     In November, Montoya filed an amended complaint that was served on the attorney general. She alleged that she had made grievances to government officials about incidents of rape, predatory child molestation, assault, and trafficking, but that the

officials either ignored her or failed to appropriately investigate her allegations. She claimed that she did not know the identities of the persons committing the crimes but that she believed they could be identified through the Lakewood Police Department. Montoya also declared that she would settle her case for 500 million dollars. She did not identify the victims of the alleged acts, when any incidents occurred, or the government officials who were involved.

¶ 4    The State moved to dismiss the amended complaint under C.R.C.P. 12(b)(5), asserting (among other things) that Montoya had failed to state a claim on which relief could be granted. At about the same time, Montoya filed a second motion for default judgment.

¶ 5    The trial court denied Montoya's second motion for default judgment, finding that it was "not satisfied that [Montoya] had established her claim or right to relief" under C.R.C.P. 55(e) and that she had not provided sufficient affidavits to establish proper venue and damages or other relief as required by C.R.C.P. 121, section 1-14-1(b), (1)(d). The court later granted the State's motion to dismiss, finding that Montoya had failed to allege facts that would entitle her to relief.

¶ 6     As best we can discern, Montoya contends on appeal that the trial court erred by (1) denying her motions for default judgment and (2) granting the State's motion to dismiss.

## II.     Montoya's Motions for Default Judgment

¶ 7     We disagree with Montoya that the trial court erred by denying her motions for default judgment.

¶ 8     We review for an abuse of discretion a trial court's decision to grant or deny a motion for default judgment.  *See In re Tr. of Malone*, 658 P.2d 284, 285-86 (Colo. App. 1982); *see also Meyer v. Haskett*, 251 P.3d 1287, 1293-94 (Colo. App. 2010) (reviewing a trial court's denial of a request to set aside a default judgment for an abuse of discretion).

¶ 9     The trial court did not abuse its discretion by denying Montoya's first motion for default judgment, which was premised on the State's failure to timely respond to her original complaint.  The record supports the court's determination that she did not serve that complaint on the attorney general as required when a plaintiff sues the State.  *See* C.R.C.P. 4(e)(9); *see also Negron v. Golder*, 111 P.3d 538, 541 (Colo. App. 2004) (holding that the trial court properly denied the plaintiff's motion for default judgment because

3

the plaintiff failed to serve the attorney general pursuant to C.R.C.P. 4(e)(10)).[1]

¶ 10     Nor do we discern an abuse of discretion in the trial court's denial of Montoya's second motion for default judgment, which was premised on the State's failure to timely respond to her amended complaint.  A default judgment may not be entered against the State or an agency or officer of the State "unless the claimant establishes [their] claim or right to relief by evidence satisfactory to the court."  C.R.C.P. 55(e).  The court found that Montoya did not satisfy this requirement.

¶ 11     As the court explained, Montoya's amended complaint alleges no specific facts and points to no evidence establishing her right to relief.  The complaint's allegations are conclusory and do not identify the victims of the alleged crimes, when and where the crimes occurred, or what State officials were responsible.  Indeed, the complaint contains no facts on which the trial court could have conceivably based a finding entitling Montoya to relief.  Accordingly,

---

[1] Although Montoya suggests that the local sheriff bore the blame for serving the wrong entity, the fact remains that the attorney general was not served.  Thus, default judgment against the State would have been inappropriate.

the court's denial of the second motion for default judgment was entirely reasonable. *See Norsworthy v. Colo. Dep't of Revenue*, 594 P.2d 1055, 1056 (Colo. 1979); *Myers v. State, Dep't of Revenue*, 126 P.3d 328, 329 (Colo. App. 2005); *Sauer v. Heckers*, 524 P.2d 1387, 1388 (Colo. App. 1974).

### III. The State's Motion to Dismiss

¶ 12　Montoya argues that the trial court erred by granting the State's motion to dismiss for failure to state a claim. Again, however, we do not see any error.

### A. Standard of Review

¶ 13　We review de novo a judgment dismissing a complaint under C.R.C.P. 12(b)(5). *See Hess v. Hobart*, 2020 COA 139M2, ¶ 11. We apply the same standards as the trial court. *See Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1088 (Colo. 2011). We may consider only "the facts alleged in the complaint, documents attached as exhibits or referenced in the complaint, and matters of which the court may take judicial notice, such as public records." *Peña v. Am. Fam. Mut. Ins. Co.*, 2018 COA 56, ¶ 14. Although motions to dismiss are typically viewed with disfavor, *see Denver Post*, 255 P.3d at 1088, "[a] complaint may be dismissed if the substantive law does not

5

support the claims asserted" or "if the plaintiff's factual allegations do not, as a matter of law, support a claim for relief," *Peña*, ¶ 13. "[A] plaintiff must state a claim for relief that is plausible (not speculative) on its face." *Hess*, ¶ 11.

¶ 14 The fact that a pro se plaintiff "may not fully comprehend [their] legal obligations does not relieve [them] of the responsibility of complying with [those obligations], or of the consequences if [they] fail[] to do so." *Pullen v. Walker*, 228 P.3d 158, 161 (Colo. App. 2008). And even under a liberal construction of a pro se complaint, a court may not supply additional facts or construct legal theories for the plaintiff assuming facts that have not been pleaded in the complaint. *See Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

## B. Analysis

¶ 15 We conclude that the trial court did not err by dismissing Montoya's complaint.

¶ 16 We agree with the court's decision that Montoya "failed to allege facts that would entitle her to relief." The court correctly noted that her complaint contained only "conclusory allegations for 'tyranny, discrimination, deprivation of physical liberty,

6

maltreatment . . . violent rape brutal assault verbal attacks' and 'predatory child molestation, rape and child and possibly adult trafficking.'" As the court explained, Montoya did not allege any specific facts that described or supported these allegations. And the court correctly observed that she had not identified any particular victims or wrongdoer.

¶ 17    Furthermore, on appeal, Montoya does not address any ground on which the court based its ruling, much less explain why the court's decision was wrong. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). Instead, she cites various rules of civil procedure without providing any argument as to why those rules are relevant here or how the court erred in applying them.

¶ 18    Given all this, we affirm the trial court's decision to dismiss the complaint.

## IV.    Other Arguments

¶ 19    Montoya appears to raise other claims in her appellate briefs. As best we can tell, she raises the following issues:

- Sovereign immunity does not prevent her from receiving damages for the crimes alleged.

- Unidentified state actors engaged in a conspiracy.

- There are potential violations of federal law such as "RICO (18 U.S.C. § 846)."

- Confidentiality and non-admissibility of statements or communications made at a settlement conference should, as a matter of policy, override and prevail over any asserted right or interest to the contrary.

- The sheriff violated her due process rights by not properly serving the State.

- "[E]xigent circumstances" exist in this case, as well as privileged communications.

¶ 20    Because these arguments are presented for the first time on appeal, are presented for the first time in the reply brief, and/or are undeveloped, we do not address them. *See Sinclair Transp. Co. v. Sandberg*, 2014 COA 76M, ¶ 74 (declining to address "bald assertions of error that lack any meaningful explanation or support in legal authority"); *Barrett v. Inv. Mgmt. Consultants, Ltd.*, 190 P.3d 800, 805 (Colo. App. 2008) ("Because this issue was raised for the

first time in respondents' reply brief, we need not address it."); *First Interstate Bank of Denver, N.A. v. Cent. Bank & Tr. Co. of Denver*, 937 P.2d 855, 858 (Colo. App. 1996) ("Arguments not presented to, considered, or ruled upon by a trial court may not be raised for the first time on appeal.").

## V. Conclusion

The judgment is affirmed.

JUDGE DUNN and JUDGE GOMEZ concur.